IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROSS JAY LAWSON,**

    **Plaintiff,**

vs.                                                                  **CASE NO. 4:04CV105-MMP/AK**

**JAMES V. CROSBY, et al,,**

    **Defendants.**

    _____/

**O R D E R**

Plaintiff, a *pro se* inmate who has paid the full filing fee, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the Defendants have a policy and practice which has prevented him from practicing his Jewish faith and that the Defendants failed to train correctional staff, which has also prevented him from practicing his Jewish faith.  (Doc. 1).  The complaint has been served upon the Defendants and a motion for summary judgment has been filed.  (Doc. 13).

Plaintiff moved for discovery and to extend the time to respond to defendants' motion (docs. 14 and 15), and the Court reserved a ruling on these two issues until such time as he submitted his proposed discovery requests.  (Doc. 18).  Plaintiff has now

submitted proposed interrogatories and requests for production of documents, which the Court has reviewed prior to service of these requests upon the Defendants. (Doc. 21). Upon review, the Court finds that many of the requests are irrelevant and overly broad and should be limited in the following manner. The Court has taken into consideration Plaintiff's contention that he is unable to access rule books and other legal materials, but it is unnecessary to conduct legal research in order to determine what materials he deems necessary to support the facts he alleges in his complaint. The Court is familiar with the case law at issue and Defendants have supplied the appropriate law in their motion and memorandum, which Plaintiff should review if he wishes to understand the law applicable to his claims. Plaintiff must come forward with evidentiary material to support the facts he alleges, and it is to this end that any discovery should be directed.

Initially, the Court notes that this is not a class action suit. As the Court reads the complaint, Plaintiff is complaining only about *his* treatment by the Defendants, not the treatment of other Jewish inmates. None of the claims or grievances mention that other inmates were, for example, denied Onan. Thus, information about other Jewish inmates is not relevant. Further, the institutions at issue in the complaint are Sumter CI, South Florida Reception Center, Baker CI and Madison CI. The relevant time periods are also defined by the complaint, which as to the various claims are July 2002, November 2002, March, April, May, and August 2003. Without some explanation of what Plaintiff is trying to prove, the relevancy of information concerning other institutions, other prisoners, and broader time frames is not readily apparent and will not be allowed. Finally, the Court does not conduct discovery on behalf of parties

**No. 4:04cv105-mmp/ak**

regardless of their *pro se* status. This is ultimately Plaintiff's lawsuit. While the Court will assist him in certain areas and provide him considerable leeway in pursuing this matter, it will not prove his lawsuit for him. Plaintiff has made claims and asserted facts, which *he* is now responsible for proving.

      Interrogatory No. 1: Irrelevant.

      Interrogatory No. 2: Relevant only as to Rabbis employed at the relevant institutions during the relevant time periods. If Plaintiff narrows his question in this manner, he may serve this interrogatory upon Defendant.

      Interrogatory No. 3: Irrelevant. Plaintiff has not explained what the Jewish Dietary Accommodation Program is, how it relates to his claims, and specifically, how Inmates receiving meals from the Jewish Dietary Accommodation Program in April 2004 is relevant to Plaintiff's claim that he was denied kosher meals while at SFRC and Baker CI in 2002.

      Interrogatory No. 4: Irrelevant.

      Interrogatory No. 5. Plaintiff may serve this interrogatory upon Defendant, although he should reword it to ask which institutions provide this program and how the program works.

      Interrogatory No. 6: Plaintiff may serve this interrogatory upon Defendant as written.

      Interrogatory No. 7: Plaintiff may serve this interrogatory upon Defendant as written.

**No. 4:04cv105-mmp/ak**

Interrogatory No. 8:  Plaintiff may serve this interrogatory upon Defendant as written.

Interrogatory No. 9: Irrelevant.

Interrogatory No. 10: Irrelevant.

Request for Production No. 1: Irrelevant and overly broad as written.  These documents may be relevant as to the institutions and time periods at issue in the complaint, and as to the claims regarding religious activities.  Plaintiff may re-write this request and submit it attached to a second motion for discovery if he desires.

Request No. 2: Irrelevant.

Request No. 3: Irrelevant.

Request No. 4: Irrelevant.

Request No. 5: Irrelevant.  Plaintiff has not raised any issues concerning telephone calls made by a chaplain on his behalf.

Request No. 6: Irrelevant.  Plaintiff has not explained how this program, which he alleges was implemented after April 2004 is relevant to his claims.

Request No. 7: Irrelevant.

Request No. 8: Irrelevant.

Request No. 9: Irrelevant as to any codes sections other than those pertaining to Chaplaincy Services.

Request No. 10: Same as No. 9.

Plaintiff may go ahead and serve those discovery requests indicated above or file another motion for discovery.  If Plaintiff chooses to file another motion for discovery,

**No. 4:04cv105-mmp/ak**

he shall attach *all* the discovery requests he wants served, including those already approved herein, but he shall explain in more detail the relevancy of his requests to the claims raised in the complaint or other pertinent information that may add to the Court's understanding of the necessity of the materials sought. The Court is not giving an advisory ruling on the validity of any requests it is herein allowing to be served upon Defendants and acknowledges that objections may be made. The Court is, out of an abundance of caution, simply allowing service when the irrelevancy is not apparent.

Plaintiff has also moved for additional time to respond to the motion for summary judgment. (Doc. 14). However, Plaintiff filed a response on August 31, 2005, and attached affidavits. (Doc. 24). He may choose to supplement this response with additional discovery material discussed herein, and the Court will grant him time to do this, but not four months as Plaintiff initially requested.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for discovery (doc. 15), as supplemented (doc. 21), is **GRANTED IN PART**, insofar as the Court shall allow Interrogatory Nos. 2, as modified; 5, as modified; 6, 7 and 8. The motion is **DENIED** in all other respects.

2. If Plaintiff chooses to serve the discovery allowed by this Order, he shall serve it on or before September 23, 2005. If Plaintiff chooses to file another motion for discovery, he shall file it on or before September 23, 2005.

**No. 4:04cv105-mmp/ak**

    3. Plaintiff's motion for additional time to respond to the motion for summary judgment (doc. 14) is **GRANTED IN PART**, insofar as he will be allowed additional time to supplement his response to the motion (doc. 24), but the motion for additional time is **DENIED** insofar as he asks for 120 days. The Court will fashion a time within which Plaintiff shall supplement his response after Plaintiff elects whether or not to conduct further discovery.

    **DONE AND ORDERED** this 1st day of September, 2005.

                            _____s/A Kornblum_____
                            **ALLAN KORNBLUM**
                            **UNITED STATES MAGISTRATE JUDGE**