**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**ROSS J LAWSON,**

       **Plaintiff,**

**v.**                                  **CASE NO. 4:04-cv-00105-MP-AK**

**JAMES V CROSBY, JR,**
**DEPARTMENT OF CORRECTIONS,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court upon the filing of Plaintiff's Emergency

Motion for Preliminary Injunction (doc. 52), to which Defendants have responded

(docs. 53 and 55), and to which Plaintiff has replied.  (Doc.59).

Upon due consideration, the undersigned herein recommends that the

motion for injunctive relief be denied, and that no evidentiary hearing is necessary.

**I.**       **Allegations of the Amended Complaint (doc. 42)**

Plaintiff is an Orthodox Jew, presently incarcerated at Everglades

Correctional Institution, who alleges that the Defendants are not accommodating

his religious practices in violation of 42 U.S.C. §1983, the Religious Land Use and

Institutionalized Persons Act ((RLUIPA), 42 U.S.C. §2000cc-1, *et seq*, and the

Florida Religious Freedom Restoration Act (RFRA), Fla. Stat. §761.01, *et seq*.


**II.**      **Emergency Motion for Preliminary Injunction (doc. 52)**

The emergency nature of this motion arises from the fact that Passover

begins on April 12, 2006.  At issue are three religious accommodations which

Plaintiff contends DOC refuses him:

> 1) Non-chometz meals during Passover from noon on April 12, 2006,
> through dinner on April 20, 2006;
>
> 2) Kosher food prepared in accordance with the Laws of Kashruth
> from now through entry of judgment; and
>
> 3) An exception to the grooming code during the Counting of Omer
> from April 13, 2006, to June 2, 2006, which would allow him to refrain
> from shaving and cutting his hair.

a)      Non-chometz Meals and Kosher Meals

According to Plaintiff, the observance of Passover requires that he eat

Kosher meals and non-chometz meals, which may not contain any leavened bread

product and may not be prepared with any apparatus that has had contact with

leavened bread products.  Although DOC has offered to transfer Plaintiff to a

facility that implements the Jewish Dietary Accommodation Program (JDAP)[1] prior

to the Passover holiday (doc. 55, Exhibit C), Plaintiff complains that the JAP is

neither Kosher nor Kosher for Passover (non-chometz).  (Doc. 59).

Defendant contends that Plaintiff has raised the issue of non-chometz meals

and the inadequacy of the Jewish Dietary Accommodation Program (JDAP ) for

the first time in this motion, and therefore, both of these issues are not exhausted

and should not be considered for injunctive relief.  DOC also contends that while

---

[1]  Under this program, the DOC contends that a Jewish dietary menu is offered to inmates at certain institutions, which is approved by a licensed dietician, prepared by Jewish inmates, in kitchens cleaned and prepared in accordance with Jewish dictates.  A special Passover menu is prepared under the oversight of a rabbi.

the JDAP is not offered at Everglades CI, Plaintiff has refused to participate in the

JDAP and refused to accept its offer to transfer him to a facility where JDAP is

offered.  DOC has also provided a list showing Plaintiff's canteen purchases, which

calls into question his lack of a sincere commitment to a kosher diet.  (Doc. 55,

Exhibit B, Attachment 1)(e.g. canned beef stew, chili, chicken, beef and cheese

sticks).

       b)     <u>Grooming</u>

      DOC argues that growing one's hair and beard is a custom of Orthodox

Jews during Passover, but it is not mandated.  <u>See</u> (Doc. 55, Exhibit B).  Further,

DOC cites several security concerns underlying its regulation that requires inmates

to keep medium length hair and to be clean shaven.  Uniformity, hygiene,

prevention of contraband, prevention of gang identification, changes in an inmate's

appearance which may aid an escape are some of the concerns cited.  In addition,

DOC points out that other religions have consistently been denied similar requests

and it is important to maintaining security that the prison administration not be seen

engaging in favoritism.

      Plaintiff rejects DOC's alleged security concerns about long hair and a beard

because he says he cannot grow his hair that long in the 50 day Counting of Omer

period and any impact on identification or security can be alleviated by additional

*Case No: 4:04-cv-00105-MP-AK*

identification photographs or more frequent searches.  In other words, Plaintiff argues

that there are less restrictive means to achieve these security interests than burdening

his religious practice.  See 42 U.S.C. §2000cc-2(b) (DOC bears burden of persuasion to

demonstrate that any substantial burden on religious exercise is least restrictive means

of furthering a compelling governmental interest).

**III.     Analysis**

Granting or denying a preliminary injunction is a decision within the

discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern.

Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert,

695 F.2d 536, 539 (11th Cir. 1983).  Guiding this discretion is the required finding

that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant;  and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd.,

112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th

Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and

*Case No: 4:04-cv-00105-MP-AK*

should not be granted unless the movant "clearly carries the burden of persuasion"

of **all** four prerequisites.  Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v.

Callaway, 489 F.2d 567 (5th Cir. 1974) (emphasis supplied).

      a)      Substantial Likelihood of Success

      The Court has reviewed the arguments and exhibits submitted in support of

and contrary to the exhaustion of the first two religious practices at issue, and finds

that for purposes of this motion only it will assume that they have been exhausted

and proceed to an analysis of the merits thereof.

      Plaintiff contends that DOC imposes a substantial burden on his religious

exercise.  "Substantial burden" has been defined as one that either compels the

person to engage in conduct that his religion forbids or forbids him from engaging

in conduct that his religion requires.  *Id.* at 1522.  This burden must be more than

inconsequential.  Levitan v. Ashcroft, 281 F.3d 1313 (D.C. Cir.2002).  The religious

practice allegedly burdened must be "some central tenet of a [person's] individual

beliefs, Werner v. McCotter, 49 F.3d 1476, 1480 (10th Cir. 1995), or an "essential"

or "fundamental" practice.  Abdur-Rahman v. Michigan Dept. Of Corrections, 65

F.3d 489, 491-92 (6th Cir. 1995).  In the context of the Religious Land Use and

Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc(a)(1), "substantial

burden" has been found when a regulation has "a tendency to coerce individuals

*Case No: 4:04-cv-00105-MP-AK*

into acting contrary to their religious beliefs," Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 450 (1988), or when government puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." Hobbie v. Unemployment Appeals Comm'n of Fla., 480 U.S. 136, 141 (1987).[2]

Plaintiff bears the burden of showing substantial burden on his religious practice before invoking the protections of the RLUIPA. Midrash Sephardi Inc. v. Town of Surfside, 366 F.3d 1214, 1225 (11th Cir. 2004). It is as to this element of proof where Plaintiff's claims fail and since he must prove all four elements for injunctive relief, the motion fails likewise.

Defendant represents that it is willing to serve Plaintiff kosher meals at a facility that engages a dietician, a rabbi, and houses other Jewish inmates to assure complete compliance with Jewish tradition and custom. Plaintiff has replied with an affidavit from an Orthodox Rabbi, Rabbi Menachem M. Katz, who attests that he has concluded based on conversations with those involved in preparing and cooking the JAP program and upon reading the affidavit of Rabbi Ira M. Flax, submitted by the Defendant, that "not a single, reputable national Kosher

---

[2] Neither party has provided the Court with case law as it pertains to the state law claims brought under the RFRA. Given the time constraints of this emergency motion, the Court did not conduct independent research, but is assuming that similar analysis could be applied under the RFRA, which is largely based on the federal counterpart to it.

*Case No: 4:04-cv-00105-MP-AK*

027616d435341bac

Certification Agency *would* certify these kitchens as being Kosher or Kosher-for-Passover and therefore free of chometz."  (Doc. 59, Exhibit A) (emphasis supplied).  Rabbi Katz has requested permission to inspect these kitchens himself, but he "understands that the DOC refuses to allow such an inspection." (Doc. 59, Exhibit A, p. 7).  Rabbi Katz also challenges Rabbi Flax's assessment of kosher on the ground that Rabbi Flax is not an Orthodox Rabbi, that as a "reconstructionist Rabbi, he does not adhere to the precepts and doctrines spelled out in the Code of Jewish Law." (Doc. 59, Exhibit A, p. 7).

To summarize Plaintiff's argument, the failure of the DOC to provide a kosher meal sanctioned by an Orthodox Rabbi, as opposed to another rabbi, who has inspected the kitchen and directed preparations according to the Code of Jewish Law or from a kitchen that has been certified as kosher from a national agency, poses a substantial burden on his religious practice. The undersigned declines to make such a finding, nor has Plaintiff provided case law showing that other courts have required other DOC's to provide meals prepared under such scrutiny.  The undersigned is aware that within Jewish people place varying significance on a myriad of details in their religious practices, but the concern here is with "substantial burdens," as defined by the case law and statutes cited above, and with the "least restrictive means" of accommodating the various religious

*Case No: 4:04-cv-00105-MP-AK*

practices of the inmates under its custody, also defined by case law and statute. Applying this legal analysis to the facts before it, the undersigned is of the opinion that the DOC has accommodated Plaintiff in this regard by its offer to transfer him to a facility that provides kosher meals, as defined by a rabbi, and this is the least restrictive means of accommodating Plaintiff in his religious practice.

As for the grooming issue, the DOC has adequately explained the security issues involved in allowing Plaintiff to grow his hair and beard during the Counting of Omer.  According to Rabbi Flax, "[i]t is a custom, but not mandated, for Jewish men to not shave or cut their hair during the counting of *omer*.  Many Orthodox Jewish Rabbis, both in the military and out of the military, shave during the counting of *omer*." (Doc. 55, Exhibit B).  While the undersigned appreciates that Plaintiff might wish to adhere to *all* of the suggested practices during particularly significant religious holidays, such as the Counting of Omer, he is incarcerated and is simply not entitled to practice his religion as he might if he were free-world. Apparently Plaintiff has made such sacrifices, even when it was not necessary to do so, such as eating non-kosher foods from the canteen on a number of occasions.

The undersigned therefore finds that there is not a substantial likelihood that Plaintiff will succeed on the merits of his motion, and because he must carry the burden on all four requisites for injunctive relief, it is unnecessary to analyze the other three factors.

light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

Emergency Motion for Preliminary Injunction (doc. 52) is **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this **10th** day of April, 2006.


**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**




**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**