**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROSS J LAWSON,**

    **Plaintiff,**

v.                                                     **CASE NO. 4:04-cv-00105-MP-AK**

**JAMES MCDONOUGH,**

    **Defendant.**

_____/

**O R D E R**

This matter is before the Court on the following motions: (1) Plaintiff's Motion to Quash in Part or for Protective Order (doc. 71); (2) Motion of Aleph Institute to Quash Subpoena Duces Tecum (doc. 74); (3) Defendant's Unopposed Motion to Expedite ruling, (doc. 77); (4) and Defendant's Motion to Modify Scheduling Order.  (Doc.76).

Initially, the Court **GRANTS** the parties' request to expedite a ruling on Aleph's motion to facilitate depositions scheduled for later this month.  (Doc. 77).  The Court is aware that because of the following ruling these depositions will likely need to be postponed and new scheduling deadlines imposed.  For this reason, the Defendant's Motion to Modify Scheduling Order (doc. 76) is **DEEMED MOOT**, and the parties are directed to confer before filing a new motion for scheduling deadlines in light of the following ruling.

At issue are two subpoenas duces tecum served upon the Aleph Institute[1] by Defendant.  Plaintiff first moved to quash the following requests made in a subpoena

---

[1] Aleph Institute is a Florida non-profit corporation that assists Jewish men and women who are in the armed services or who are incarcerated.

served on July 5, 2006:

> Request No. 2:  Any written communications regarding Case No. 4:04cv105/MMP/AK between Aleph Institute and McDermott Will & Emery, LLP, including but not limited to any and all memoranda, correspondence, writings, documents, emails, letters, notes or recordings of any kind.
>
> Request No. 7: Any written communication between the Aleph Institute and Ross Jay Lawson, including but not limited to any and all memoranda, correspondence, writings, documents, e-mails, letters, notes or recordings of any kind.
>
> Request No. 17: A copy of any correspondence between Aleph Institute and FDOC inmates concerning the Jewish Dietary Accommodations Program, including but not limited to any and all memoranda, correspondence, writings, documents, e-mails, letters, notes or recordings of any kind.  (Doc. 71).

Plaintiff contends that the requests encompass privileged material on the grounds that Robert Moore, a current employee of the Aleph Institute, has assisted Plaintiff in this litigation since September 23, 2005, when counsel agreed to represent Mr. Lawson.  Mr. Lawson requested legal assistance from the Aleph Institute, which arranged the representation by the law firm of McDermott Will & Emery on a *pro bono* basis and provided Mr. Moore's assistance to the firm on a part-time basis specifically to assist on this case.

Defendant moved for additional time to respond to this motion until such time as the Aleph Institute responded to a second subpoena dated August 3, 2006, and produced documents which Defendant contends are necessary for him to properly respond to Plaintiff's motion to quash and the privilege issue raised therein.

The Aleph Institute then filed its own motion to quash on grounds of undue burden under Rule 45(c)(3)(A)(iv), asserting that the requests require "extraordinary resources" to retrieve documents spanning twenty years and concern a national scope;

that the subpoenas seek categories of information that are irrelevant; and that the requests demand disclosure of sensitive information concerning Jewish prisoners other than the Plaintiff.  (Doc. 74).

While the Court is not specifically ruling on Plaintiff's Motion to Quash (doc. 71) at this time, in an effort to understand the issues it has considered the arguments raised therein regarding privilege and finds that the following course of action will better serve the parties.

First, the Aleph Institute has asserted vague grounds of undue burden and relevancy making it impossible for the Court to discern the validity of their arguments. As Defendant notes, Aleph has not identified which particular requests are burdensome or irrelevant and has not, to the Court's satisfaction, explained its general assertion that it must sort through twenty years of voluminous documents to respond to the requests. Defendant has not asked for twenty years of material and the requests on their face do not appear to be that broad.  Nonetheless, as Defendant contends, it is Aleph's burden to demonstrate undue burden and it has wholly failed in this regard.  Even the supporting affidavit is a rehash of the general arguments made against production and adds nothing to Aleph's position.  Second, the local rules require a good faith effort to resolve discovery disputes prior to seeking court intervention and the rule makes no distinction between parties and non-parties.  N.D. Fla. Loc. Rule 7.1(B).  "**Counsel for the moving party**...shall confer with counsel for the opposing party and shall file with the court, at the time of filing a motion, a statement certifying that counsel...has conferred with counsel for the opposing party in a good faith effort to resolve by

agreement the issues raised...." (Emphasis added).  Thus, Aleph's motion (doc. 74) is **DENIED** for failure to confer prior to filing the motion as required by the local rules and for failing to persuade the Court that responding to the subpoenas would be an undue burden upon it.

However, the Court is concerned that the documents requested in both subpoenas encompass attorney-client material based on the information provided in Plaintiff's motion (doc. 71) that Robert Moore is assisting in the representation of Ross Lawson.  After reviewing the document requests in the second subpoena served upon the Aleph Institute, the Court does not agree that the Defendant should have these potentially privileged documents in order to respond to the assertions raised in Plaintiff's motion.  This request is akin to closing the barn door after the cows have gotten out.  The Court finds that the better course would be to allow the suggested alternative relief made by Plaintiff in his motion (doc. 71), *i.e.* that the Aleph Institute forward to Mr. Moore all the documents pertaining to his communications with Plaintiff and the firm now representing him (and any other communications it deems privileged) so that Mr. Moore can review them and compile a privilege log, as described in Rule 26(b)(5).  Once the privilege log is compiled and served upon Defendant, it should be able to respond to Plaintiff's motion and make its argument against the assertion of privilege as to each document listed in the log and perhaps pave the way for an *in camera* inspection by the Court, if such action is necessary.

Accordingly, it is

**ORDERED:**

1. Defendant's Unopposed Motion to Expedite Ruling on the Motion of the Aleph Institute's Motion to Quash (doc. 77) is **GRANTED**.

2. Defendant's Motion to Modify Scheduling Order (doc. 76) is **DEEMED MOOT**.

3. Motion of the Aleph Institute, Inc. To Quash Subpoenae Duces Tecum (doc. 74) is **DENIED**, and all documents responsive to the requests made in the July subpoena, except documents responsive to Request Nos. 2, 7, and 17 shall be produced on or before **October 20, 2006.** Documents in Aleph's possession which are responsive to Request Nos. 2, 7, and 17 in the July subpoena and all documents requested in the August subpoena shall be forwarded to Mr. Robert Moore to compile a privilege log, which shall be served upon Defendant on or before **October 20, 2006.**

3. Within seven days of service of the privilege log, Defendant shall, if he wishes to pursue these remaining documents, file a response to Plaintiff's Motion to Quash (doc. 71) addressing all the privileged documents sought by both the July and August subpoenas or advise the Court that he wishes to withdraw his motion. If Defendant files a response, Plaintiff may reply to it within seven days of it's filing.

**DONE AND ORDERED** this **11th** day of October, 2006

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 4:04-cv-00105-MP-AK*