**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROSS J LAWSON,**

      **Plaintiff,**

**v.**                                     **CASE NO. 4:04-cv-00105-MP-AK**

**JAMES MCDONOUGH,
et al,**

      **Defendants.**

_____/

## O R D E R

This matter is before the Court on the following motions filed by non-party Aleph Institute: Motion to Vacate Order (doc. 96) and Motion for Leave to File Privilege Log Out of Time.  (Doc. 97). [1]  Also before the Court is Defendant's Motion to Strike the Motion to Vacate.  (Doc. 100).  Having considered said motions, the Court is of the opinion that Aleph's motions (docs. 96 and 97) should be **DENIED**, and Defendant's Motion to Strike (doc. 100) should be **GRANTED IN THE ALTERNATIVE**.

Motion to Vacate/Motion to Strike

The undersigned has already re-examined the Order of October 11, 2006 (doc. 83), when Aleph's motion to stay was denied.  (Doc.  93).  The undersigned declines to re-open the issue with new counsel who raises all new grounds for quashing Defendants' subpoenas.  When a party (or in this case a non-party) is unsatisfied with a nondispositive ruling of the magistrate judge, the proper procedural move is to file

---

[1]  There has been an error in the docketing of the motions, the titles of which do not correspond to the docket entries despite effort on the part of the Clerk's Office to correct them.  The court will use the numbers of the motions as they appear on the face of the documents themselves.

objections to the order, which the district judge shall rule upon pursuant to Rule 72, Federal Rules of Civil Procedure.  Whether or not any such objections are timely is not a matter for the undersigned to determine, but should also be directed to the district judge.

Further, counsel erred in not conferring with opposing counsel prior to filing the motion because he deemed it "unnecessary."  Local Rule 7.1(B) is clear that any time court intervention is sought in resolving discovery disputes there should be a good faith effort made to resolve the issues between counsel first.  The rule makes no distinction as to parties versus non-parties nor does it make exceptions for motions to vacate prior discovery orders.  Consequently, the motion to vacate (doc. 96) is **DENIED**.

<u>Privilege Log</u>

Aleph seeks a two week extension of time to serve the privilege log ordered by the Court in its October 11th Order.  (Doc. 97).  While the Court can appreciate that new counsel has made an appearance and would need time to fully apprise himself of the matters pending in this case, the fact is that Aleph has had over **two months** to work on compliance with the Court Order and should have had staff working on this regardless of who lead counsel was.  Aleph keeps referencing massive files and documents as grounds for its continued delay, and perhaps the Court does not fully understand their dilemma, but it is difficult to imagine that logging privileged material in this case for this one prisoner would be such an undertaking.  Nevertheless, Aleph has been on notice that it was going to be required to log these documents and if it has done nothing in these two months towards this end, then it had better gather all its resources together

and plan on working overtime this coming weekend.

Accordingly, it is

**ORDERED:**

1.  Aleph's motions (docs. 96 and 97) should be **DENIED**.  Insofar as Aleph seeks additional time to file a privilege log pursuant to the Court's previous orders (docs. 83 and 93), it shall have through the upcoming weekend, but the log must be filed before **12:00 p.m.** on **Monday December 4, 2006.**

2.  Defendant's Motion to Strike (doc. 100) should be **GRANTED IN THE ALTERNATIVE**, in that Aleph's motion to vacate is denied.

**DONE AND ORDERED** this **29th** day of November, 2006

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**