**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**ROSS J LAWSON,**

       **Plaintiff,**

**v.**                                    **CASE NO. 4:04-cv-00105-MP-AK**

**JAMES MCDONOUGH,**

       **Defendant.**

_____/

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff brings this cause of action pursuant to the Religious Land Use and

Institutionalized Persons Act ((RLUIPA), 42 U.S.C. §2000cc-1, *et seq*, and the Florida

Religious Freedom Restoration Act (FRFRA), Fla. Stat. §761.01, *et seq*, alleging that

the Defendants are not accommodating his Orthodox Jewish religious practices.[1]  (Doc.

42).  Defendants have moved to dismiss the complaint, (doc. 51), and Plaintiff has

responded.  (Doc. 67).

**I.**      **Procedural History**

Plaintiff initially filed this cause *pro se* (doc. 1), but retained counsel on October

31, 2005, (doc. 32), who filed an amended complaint (doc. 42) and withdrew all prior

filed motions (doc. 39).  The Court then directed that the summary judgment motion filed

by Defendant (doc. 13) be deemed withdrawn, that discovery be conducted, and that

---

[1]  Although Plaintiff asserts that his cause is brought pursuant to these acts, as well as 42 U.S.C. §1983, (doc. 42, p. 1), the amended complaint raises only two specific claims and does not raise any First Amendment issues, which would arise under section 1983.  (<u>See</u> Doc. 42, First and Second Claims for Relief, pp.29-32).  Likewise, Defendant does not address First Amendment issues or cite relevant case law in its motion to dismiss.  The undersigned, therefore, will consider this cause of action as arising under the RLUIPA and the FRFRA only.

new dispositive motions be filed.  (Doc. 43).

## II.    Allegations of the Amended Complaint filed January 31, 2006 (doc. 42)

The amended complaint sets forth two claims for relief:[2] specifically, that

Defendant violated the RLUIPA and the FRFRA by denying Plaintiff the right to: [3]

a)    Keep a Kosher diet;
b)    Observe and study daily the Torah, Tanach, Talmud and other books;
c)    wear religious clothing such as a tallit, tzitzit, and yarmulke;
d)    observe Shacharis with tefillin each morning [during administrative or disciplinary confinement];
e)    observe Mincha each afternoon [during administrative or disciplinary confinement];
f)    observe Maariv each evening [during administrative or disciplinary confinement];
g)    observe Sabbath each Friday;
h)    observe Havdalah each Saturday [during administrative or disciplinary confinement];
i)    observe all Jewish holidays such as Passover, Sukkot, Rosh Hashanah, Yom Kippur, Simchat Torah and Shemini Atzeret;
j)    refrain from shaving or cutting hair or beard during Shiva, Sholsim [sitting Onen],[4] and Counting Omer;
k)    sitting Onen [other than grooming requirements];
l)    observe Jewish services in a non-denominational room; and
m)    consistently and timely consult an Orthodox rabbi. (Doc. 42, pp. 5-6)

Plaintiff also seeks to permanently enjoin the Defendants from denying the above

---

[2]  Plaintiff denies that he seeks specific relief for the DOC's conversion of his religious property or his alleged improper classification as close management.  Thus, the motion to dismiss on these grounds will not be addressed by the Court, as Plaintiff denies making these claims.  (See Doc. 67, p. 4 n.3).

[3]  The undersigned has set in brackets clarification of these claims as explained elsewhere in the amended complaint.  For example, Plaintiff claims that observation of the rituals described in ¶13, (iv), (v), (vi), and (viii), as explained in ¶¶ 81 through 89, was not denied as a general policy of DOC, but was denied because Plaintiff was in administrative and/or disciplinary confinement, and his claims therefore are that it is a denial of his religious exercise to be denied these rituals during such confinement.

[4]  Since the Plaintiff interchanges the spelling of this ritual from Onan to Onen, so will the Court.

regardless of his confinement status or camp designation or custody level, except in the

rarest of circumstances; and to require Defendant to incorporate the policies and

procedures of the RLUIPA and FRFRA; and to grant attorneys fees and court costs.

Relevant Exhibits:

a)   <u>Inmate Request dated May 7, 2002 (Exhibit E)</u>

Request:  I am an Orthodox Jew, and I require certain issues to be discussed with you in order to practice my religion.  Please arrange a meeting so as I may produce Documents and Court Orders to prove my requests are valid so as you may be able to assist me with my religious needs.  Thank You! G-D Bless!

Response: You do not need to be in [indecipherable] to see the Chaplain.  All you have to do is come on your assigned days to see the Chaplain.

b)   <u>Informal Grievance dated May 8, 2002 (Exhibit E)</u>

Request: I entered the D.O.C. on 5/7/02, at that time I notified the intake staff/officers of my religious needs, and later that day spoke to the Chaplain, reiterating same.  Some of my needs were, but not limited to: (1) Yarmulke, Tefillin, Tzitzit, Tallith, Kosher Diet, etc.
A Court Order was produced by me also for these needs!
My complaints are that I am being forced to eat non-kosher food.  This due to my attempts of not eating until hunger pain and my personell [sic] health forced me to eat the non-kosher food because D.O.C. S.F.R.C. will not provide Kosher meals.  Forcing me to shave with a razor blade, rather than giving me a shaving pass to shave with clippers.  Denying me my Tefillin that is in my property.  The chaplain has a pair but more time is needed, and sometimes it is impossible to use do to scheduling.  Also I have been ordered to remove my Tzitzit several times or tuck a single string in by Staff.

Response: Mr. Lawson, Your request does not meet the requirements of Rule 33-103.005(2) does not qualify as an Informal Grievance.  However, I will respond to the several issues you enumerated. 1) the Department does not provide Kosher meals see Rule 33-204.003 (8) and 33-503.001 (11).  2) the issue of facial hiar is addressed in Rule 33-602.001(5); there is no exemption for religious reasons. 3) requests for religious paraphernalia are to be submitted in writing to the Chaplain and will be reviewed according to Rule 33-602.201 (15).  As you noted we have a set of Tefillin in the Chaplain's Office available for use.  4) the [sic] of your being ordered by "staff" not to wear your Tzitzit should be addressed to the Security Department and they will consult with the Chaplain concerning the matter according to Rule 33-602.201 (15).

c)   <u>Informal Grievance dated May 19, 2002 (Exhibit E)</u>

Request: Thursday May 16th 2002 the chapel was closed thus preventing me the use of my Tefillin and again on Fri. May 17th 2002 the chapel was closed preventing me and other Jews from having Sabbath services when other reservations could have been made by the Chaplain; when closing the chapel on a scheduled Jewish service. Also again on Sunday May 19th 2002 the chapel was closed and I was once again prohibited the use of my Tefillin.  You are denying me my religious rights and the ability to practice my faith.  You could start correcting this by granting me my Tefillin in my property, a shaving pass, and Kosher food, plus Sabbath services on Friday.

Response: Mr. Lawson: "informal grievances" must conform to Rule 33-103.005(2).  Although your DC6-236 does not meet the requirements, namely, you have addressed more than one issue and have misstated the facts, I will respond to your statements. 1) the chapel was not closed on Thursday, 5/16/02.  2) the chapel was not closed all day Friday, 5/17/02.  However, Chaplain Ajaelu was not present for the evening programs because illness forced him to leave early.  3) Jewish Shabbat program is regularly scheduled every Friday from 6:30 p.m. to 8:30 p.m. and are supervised by the Chaplain since there is no volunteer available for the program.  Chaplain Ajaelu's illness required the program to be cancelled that evening.  4) your religious rights have been accommodated within the boundaries of the good order & security of the institution.

     d)    <u>Inmate Request dated July 7, 2002 (Exhibit F)</u>

This Inmate is of the Jewish Faith, thus, following the law of the Torah (Judaism). As an Orthodox Jew I require approval of the following items in order to exercise my rights to faithfully practice my religion, "Judaism." All of these items must be approved considering the following: "Florida's Constitution s. 3, Art. I which provides and recognizes free exercise of religion as an unalienable right, "Religious Freedom Restoration Act of 1998 and other Controlling Act." " Chapter 33-602, (15)(b)(e)(f)(1.4.), (g)."  A list of Items are as follows: "Yarmulke," "Tefillin," "Tzitizit," "Tallit," "Mezuzah," "Shaving Pass until I can acquire an electric razor," "2 hours in Chapel on Frid. For Shabbos/Sabbath," "Materials for the Sabbath," "No work pass for the Sabbath."  Note all materials will be provided at no cost to D.O.C. or Baker and will be provided by approved religious sources.  Compliance with this request is asked please to be timely.

Response: Matter discussed and resolved in accordance with Chaplaincy Services Religious Guide-Dept. of Corrections:
    Yarmulke-Black
    Prayer Shawl (Tallit)
    Tefillin
    Tzitzit
    Religious Medallion (generally Star of David) God Bless!

     e)    <u>Inmate Request dated July 7, 2002 (Exhibit F)</u>

Request: I am also requesting a Kosher Diet.  And your conformation as to the requirement of such a diet for a devout Jew who is faithful to Judaism.

Response: In accordance to the Department of Corrections Chaplaincy Services Guidelines, Kosher menus are not provided; however, any Jewish inmate may request the alternate entree meal plan provided by Foodservice.

Jewish dietary laws prohibit the eating of meat and milk products at the same meal.

f)   Informal Grievance dated July 11, 2002 (Exhibit F)

Request: This is an "Informal Grievance" on the denial of my request and/or right for Kosher Meals.  The Food Service's attempt at providing a religious diet is nothing more than a vegetarian diet (non-Kosher).  This does not meet the requirement for a Jewish male to follow G-D's law of Kosher Food.  Perhaps if the administration truly wished to consider providing or attempting to provide or considered providing some sort of appropriate meals for Kosher food.  I could come up with a cost equal or cost effective way to do so.  If D.O.C. or/and this administration cares not to attempt to try or consider this issue I will be forced to submit to such authority as it is not who can create rules.  I only follow them and your orders and decisions May G-D guide the way and provide what is proper.

Response: Lawson, I have thoroughly reviewed the rules regarding your issues. The Chaplaincy Services FDC 503.002 directs you to Food Service Standards' FDC 204.002.  Religious menus are covered on page 3 paragraph 6.  According to these policies the authorized meals are regular or non meat/vegan and are offered at each meal.  Our food service department complies with all procedures governing and approved by the Dept. Of Corr.

g)   Appeal to Warden dated July 22, 2002 (Exhibit F)

Grievance: On 7/7/02 I submitted an Inmate Request for kosher meals.  Then after receiving a denial for kosher food I filed an Informal Grievance on 7/11/02 which was also denied on 7/17/02.  Therefore this formal grievance is filed on the denial of my request for kosher food.

Attached: Inmate Request dated 7/7/02, Inmate Informal Grievance dated 7/11/02.

Response: Your request for administrative remedy has been thoroughly reviewed and evaluated.  Investigation into this matter reveals the following:

The Department of Corrections does not provide a kosher menu, however, any Jewish inmate may request the alternate entree meal through Food Service.  (Florida Department of Corrections, Chaplaincy Service Guide, Judaism, Page 17 (Diet). Based on the above your grievance is denied.

You may obtain further administrative review of your complaint by obtaining Form Dc1-303, Request for Administrative Remedy or Appeal, completing the form and providing attachments as required by 33-1-3.007(3)(a) and (b) and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 2601 Blaiar Stone Road, Tallahasee Florida 32399-2500.

h)      Appeal to Secretary dated August 5, 2002 (Exhibit F)

Grievance: This is to grieve the denial of my right to kosher meals.  I have exhausted all other administrative remedies up to this stage (see attached ) thus this grievance is created as a final step.

Response: Your request for administrative review has been received, reviewed, and evaluated.

Martinelli v. Dugger 11th Circuit, 1987, 817 F.2D, page 1499, has determined that the alternate entree program of the Florida Department of Corrections, which provides for a pork-free diet, is adequate to meet religious needs.  The Department is not required to provide for the religious diets beyond the alternate entree program.  Based on the foregoing information, your appeal is denied.

i)      Informal Grievance dated November 7, 2002 (Exhibit H) (Doc. 1, Exhibit 2)

Grievance: Today I lost my father, upon speaking to the chaplain I was informed the only way I could be permitted to be "Onan" for my father was to go to lockdown and lose all my priv.  This is a direct violation of my religious rights.  Please correct this situation and allow me my religious rights.

Response: According to Chaplain Preston he has contacted Tallahassee and "Onan" can not be observed from population.

Appeal to Warden: This is a grievance to challenge the denial of my request to be Onan for the loss of my beloved father.  Attached, the Informal Grievance that was denied on such. I [sic] written policy must be created defining all details of the Onan and how such can be observed.  And this should be regarded as a constitutional right.

Response: Your request for Administrative Remedy or Appeal has been reviewed and evaluated.  Investigation into this matter reveals the following: The informal grievance dated 11/7/02 and answered on 11/21/02 by Colonel Ellis adequately addressed the above issue and/or concern.  The conditions of your request are beyond the scope of institutional authority therefore the denial of your request and response is correct.  Based on the above, your grievance is denied.

Appeal to Secretary: Re: Denial of the (attached) Grievance "Comments"

My religious rights have now been violated, and I would like to know what is going to be done about such.  A policy must be created concerning this matter.

Response: Your request for administrative review has been received, reviewed, and referred to Chaplaincy Services who provided the following response:

You were never denied the right to be Onan, which includes not cutting one's hair or shaving, however you were told that if an inmate is not in confinement he is required to adhere to the grooming standards.  Additionally, you did not provide the institution with all the relevant information of the laws concerning an Onan.  Based on the foregoing information, your appeal is denied.

j)      Informal Grievance dated April 13, 2003 (Exhibit I)

Grievance: As we have discussed the following items are needed for Pesach; these items are needed for each night of the seder then, so it would be two sets of these times, each for each night 17th and 18th.

1 Copies of the Hagadah Booklet (one for each Jew)
2 Shark bone/Chicken bone (only one is needed not eaten)
3 One egg hard boiled for each Jew attending the sedar
4 Romain lettuce (one head should do)
5 Apples, nuts (1 apple each inmate and some nuts each
6 onion/cooked potato (1 will due)
7 salt, one cup each inmate 4 oz or bigger, plastic plates, napkins, sporks,
8 towel and large bowl for washing hands

Response: All the above items were either donated by Aleph Institute or Aramark or the Chapel.  Aramark had no eggs available except liquid eggs.  All Jewish inmates who were in open population were allowed to participate in Jewish Passover services in the chapel.

Appeal to Warden: Re: Pesach supplies For the denial of the attached Informal Grievance dated 4/13/03 I was not provided any supplies while in AC and confinement.

Response: I have reviewed your Request for Administrative Remedy or Appeal.  I find nothing in Chapter 33.602.220 or 33-602.222 that indicates you are to be provided with Pesach supplies for religious reasons in confinement.

Appeal to Warden: Re: Denial of religious items/Needs for Pesach Chaplain Prentiss knew I was in AC confinement on 4/16/03 he made no arrangement to accommodate my needs for Pesach.  The majority of those items could have been provided to me in my cell or taken [sic] me there.  Yet deliberately nothing was done.

Response: I have reviewed your Request for Administrative Remedy or Appeal.  I find nothing in Chapter 33.602.220 or 33-602.222 that indicates you are to be provided with Pesach supplies for religious reasons in confinement.

Appeal to Secretary: Re: Denial of Pesach supplies I was placed in confinement prior to Pesach's seder.  I am still in confinement.  This is to appeal the denial of my needed Pesach supplies.  This has substantially burdened my exercise of religion.  Attached is the Informal Grievance and Grievance as well as another Informal Grievance and Grievance I inadvertently filed two, I only appeal the one issue for the denial of Pesach supplies.

Response: Your request for administrative review has been received, reviewed, and evaluated.  Inmates in confinement are limited in what they may possess, this limitation is applied to the possession of religious materials as well.  Security concerns take precedence when considering items that may be possessed in confinement.

k)      Informal Grievance dated April 13, 2003 (Exhibit J)

Grievance: As we have discussed I am prohibited by my faith to own or consume any chometz during Pesach.  See "Code of Jewish Law" Chapters 111 through 119.  Therefore I require meals for the entire period of "Pesach" that contain no "chometz."  I am forbidden to violate this mitzva.  I may not consume or own chometz from 11:08 a.m. on 4/16/03 until 8:24 p.m. 4/24/03.  To not grant this religious need would be

substantially burdening my exercise of religion in violation of section 3 of the RLUIPA of 2000.

Response: The Food Service Department has been notified of your religious issues.  You are authorized to eat non-Chometz meals.

Appeal to Warden: Re: Denial non-chometz meals for Pesach I was denied non-chometz meals for Pesach.  Further I received the attached I.G. on 5/13/03.  I would seem the stamp and signature dates are alleged forged.  I was denied the need for non-chometz meals for Pesach.  My issue is the denial of non-chometz meals for Pesach.

Response: Your request for administrative remedy is being returned without processing in accordance with F.A.C. Chapter 33-103.14(1)(g).  Grievances of this nature must first be filed as an Informal Grievance as outlined in Chapter 33-105.005.  You must refile this grievance utilizing the proper procedure, if upon receipt of this notification the filing is within time frames allowable.
Chaplain Prentiss has notified Food Service of your religious issues and you are authorized to eat non-Chometz meals.  If you have not been receiving these meals, you need to contact Food Service.  The date stamp used by the Chaplain's office was simply not changed to reflect the appropriate month.  It is obvious the chaplains could not receive your informal grievance in March, since you did not date it until April.

You need to file an informal grievance with Food Service first about this.  If you are not satisfied with their response, you need to attach a copy of that informal grievance to the DC1-303 and resubmit it to us.

Appeal to Secretary: Do [sic] to this inmate being in transit, the attached was not received until 6/16/03.  This appeal is for the denial fo the attached grievance.  I was denied my religious rights/needs.

Response: Your administrative appeal has been reviewed and evaluated.  The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

It has been determined that the alternate entree program fo the Florida Department of Corrections, which provides for a pork-free diet, is adequate to meet religious needs.  The department is not required to provide for the religious diets beyond the alternate entree program.

l)      Inmate Request dated April 22, 2003 (Exhibit K)

Request: Please provide me with a Torah or Tanach and Talmud or Midrach.
Response: This is all I could find.  Hope it helps!  Passover Haggadah.
Informal grievance: It is a cruel joke that I was provided a Haggadah the day the holiday of Pesach ended.  This is an I.G. on the fact that the chaplain passes out a cart full of stuff to confinement, but gives no Jewish stuff to me.  Please see to it that this is corrected, and equally with everyone else.  Thank you for your time in this matter.  G-d Bless!

Response: It was not intended as a joke.  Chaplain Bradley provided you what he had available at the time.  I have instructed Chaplain Prentiss to provide you with approved religious material as is available.

Appeal to Warden: Re: Religious Every week other inmates get publications etc. from the Chaplain as he comes through with a cart full of stuff.  To date I have only been brought a Hagadah and that was when Pesach was over.  Since 4/16/03 I've not gotten anything Jewish since.  Please see this is corrected and further that it does not happen again.

Response: I have reviewed your Request for Administrative Remedy or Appeal.  I can only reiterate what I have told you in the informal grievance.  Chaplains R. Prentiss and J. Bradley have been instructed to provide you with approved materials they have available in the Chapel.

Appeal to Secretary: Re: Religious Do [sic] to this inmate being in transit, inmate received attached on 6/16/03 and filed this appeal on 6/17/00.  Appeal for denial of the attached grievance at institutional level.  Violation of equal protection and religious rights.

Response: Your request for administrative review has been received, reviewed, and referred to Chaplaincy Services who provided the following response:

The Department does not purchase religious literature for distribution but depends upon donations.  The chaplains distribute weekly what has been donated.  You received copies of the Jewish publications that were donated.  The institution responded appropriately.

m)   Informal Grievance dated July 5, 2005 (Exhibit L)

Grievance: Re: Denial of Shabbat/Havdalah Supplies in Confinement.  In response to a request I had written, Chaplain Motts promptly/timely responded in person to me in confinement (G-2101-L) on 6/30/05 after explaining my needs to Chaplain Motts (i.e.) candles; Kiddush (grape juice); Matz; and my Tallit (stored in chapel).  He informed me he would go to security for final approval.  I have now been denied the ability to properly observe Shabbat on July 1st, 2005 and Havdalah on July 2nd, 2005, as well as all others, if my requested and needed supplies are not granted the failure to grant my supplies substantially burdens my exercise of religion.  Please grant this I.G. so as I may follow my religion.  Thank you!

Response: As you are in confinement, your request for religious items and an explanation of items was forwarded to security for review.

Appeal to Warden: Re: Denial of Shabbat/Havdalah Supplies in Confinement.  Attached is a (DC6-236) Informal Grievance.  This is a formal grievance for the denial of said requested items.  I require these items every Fri. and Sat.  Please grant me this much needed/required supplies.

Response: Your request for administrative remedy has been received, reviewed, and evaluated with the following response provided.  I was advised by the Chaplain that a Tzitzit is being provided to you by Chaplain Motz.  Based on these facts, your request for administrative remedy is approved.

Appeal to Secretary: Re: Denial of Shabbat/Havdalah Supplies in Confinement.  Asst. Warden Attmore is not qualified to address religious matters of Jewish nature, this is obvious, based on his response to the (attached) formal grievance.

First, the grievance is not on a "Tzitzit," but on "religious service supplies" needed

for Shabbat/Havdala.  And providing "Tzitzit" alone does not correct the denial of supplies for service.   I have not been provided a "Tzitzit" as of this date.  I've presently been denied all requested supplies for Sabbath/Havdala since 6/28/05.  Please review this error.  Note: I'm serving 60 days D.C. but I could be afforded services pursuant to FAC 33-601.308(4)(k) why is that not applied if my supplies are not granted.

Response: Your administrative appeal has been reviewed and evaluated.  Your complaint was referred to Alex Taylor, Chaplaincy Service Administrator who has advised that the response provided at the institutional level appropriately addresses the concerns that you raised at the institutional level as well as the Central Office level.  The institution is following policy as stated in FAC 33-602.222. While in confinement, you are permitted religious reading material that adheres to the admissible reading material rule.   The other materials requested by you are security concerns and were properly addressed by the institution.

Based on the above information, your administrative appeal is denied.

n)   <u>Informal Grievance dated April 18, 2003 (Exhibit M)</u>

Grievance: Re: Use of Teffilin while in confinement/AC confinement.  You are denying me use of Teffilin etc. while in AC confinement/confinement.  This is substantially burdening my exercise of religion.  As you are well aware of my requirement to utilize such almost daily.

Response: "If security/safety issues are involved, these items may be stored in the chapel..."  The Chief Correctional Officer has determined that the Tefillin are to be stored in the Chapel.  Upon your release from confinement you may resume coming to the chapel to utilize the above items.

On 16 April 03 at 10 am. you were given a pass to come to the Chapel to use your Tefillin.  You made no attempt to request from the CO1 in the law library to come to the Chapel at your designated time.  Nor did you ask me later that afternoon could you have your Tefillin to pray.

Appeal to Warden: Re: Use of Teffilin while in confinement.  You are denying me the use of my Teffilin every day I'm in confinement for 90 days.  I require the use of my Tefillin daily.  And you have already denied me for 16 days.  Will you continue to violate my rights and my ability to practice my religion.  Also Chaplain Prentiss has done nothing to ensure while in confinement I have use of my Tefillin daily.

Response: I have reviewed your Request for Administrative Remedy or Appeal.  You are in confinement status and your Teffillin is being kept in the Chapel due to the length of the straps being deemed a security risk (see grievance 0304-216-062).  When released from confinement, you can resume going to the Chapel and using your Teffillin.

Based on the foregoing, your Request for Administrative Remedy or Appeal is denied.

Appeal to Secretary: Re: Use of Teffilin.  I have been given 60 plus 30 days in confinement a total of 90 days plus no AC time served, so therefore I will be forced to do approx. 100 days in confinement.  To deny me my Teffilin is to substantially burden my exercise of religion.

Attached are Informal Grievance and Grievance on this issue.

I have already been denied approx. 40 days.  How much more will you deny.  Please admit my rights are being violated and grant me my Teffilin.

Response: Your administrative appeal has been reviewed and evaluated.  The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.  Your administrative appeal is denied.

o)      Informal Grievance dated April 13, 2003 (Exhibit N)

Grievance: Re: Cutting Hair and Observance of Sifirah (Counting of the Omar).  For resource on the religious laws of such see "Code of Jewish Law," page [52] Chapter 120.  Jewish law and custom forbids the cutting of hair from the [indecipherable] of "pasach" to the holiday of "Shavuot" I follow the law by not cutting my hair from (this year) April 17, 2003 to June 6, 2003, therefore per our conversations I require approval so as I will not cut my hair during this period of time to deny me this request would be to violate section 3 of the RLUIPA of 2000, and would be substantially burdening my exercise of religion.

Response: F.A.C. 33-503.001(2) 2: "Religious beliefs do not justify violation of Department or institutional rules and regulations."

Appeal to Warden: Re: Cutting of Hair and Observance of Sifirah (Counting of Omer).  This grievance is on the denial fo the attached informal grievance dated 4/13/03.  I am being forced to shave [indecipherable] 3 times a week and haircuts once a week.

Response: I have reviewed your Request for Administrative Remedy or Appeal.  I can only reiterate what Chaplain R. Prentiss has already told you.  Religious beliefs do not justify violations of Department or institutional rules per Chapter 33.503.001(2) 2.  Chapter 33.602.101 (4) states, in part, that hair is to be cut short to medium uniform length at all times with no part of the ear or collar covered.

Based on the foregoing, your Request for Administrative Remedy or Appeal is denied.

Appeal to Secretary: Re: Cutting of hair and Observance of Sifirah (Counting of Omar).  I have been denied the attached informal grievance and grievance for my request on cutting of hair during and time that prohibits such.  This has been substantial burdened [sic] my exercise of religion.  This is to appeal the denial of such.

Response: Your administrative appeal has been reviewed and evaluated.  The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

The F.A.C. 33-503.001(2)2 states that religious beliefs do not justify violation of department or institutional rule and regulations.  This includes all grooming rules as identified in F.A.C. 33-602.101(5), (6) and (7).

Your administrative appeal is denied.

n)      Informal Grievance dated October 21, 2005 (Exhibit O)

Grievance: Re: Total denial of "Sukkot" supplies.  This year, on the evening of (Tishrei 14, 5766 (or) Oct.17th 2005) the sacred Holy Day of "Sukkot" began.  This is a seven-day festival also known as The Feast of Tabernacles.  The seventh day is "Hoshanah Rabbah" which also requires special observance.  Thus far I have been denied the ability to light candles; the use of "sukkah;" the use of "lular and Etrog" and will most likely be denied "hoshannas;" I've also been denied "kiddush" and "challah" and the wine to perform "kiddush."  I have also been denied all other aspects of this sacred holy day.  I believe all these requirements are mandatory and required by Hashem for me to perform.  Thus the ability to practice my faith of orthodox Judaism has been substantially burdened, as I have been totally denied all aspects of this part of my faith.  You have not considered a less restrictive way other than total denial.

Response: The grievance is returned as it addresses more than one (1) item.

Appeal to Warden: Re: Total Denial of "Sukkot" supplies.  Chaplain Shipman returned the attached I.G. claiming it addresses more than one issue.  Senior Chaplain Shipman is incorrect.  The attached I.G. addresses only one issue: "Sukkot supplies."  As Tallahassee has time and again, granted appeals because of the failure to address the denial of supplies for a single Holy Day, please order Senior Chaplain Shipman to respond why I was totally denied all supplies for the Holy days of "Sukkot."

Response: Your request for administrative remedy is in non-compliance with Chapter 33-103; Inmate Grievance Procedure, because your informal grievance was determined to be in non-compliance with the requirements of the rule resulting in your formal grievance being in non-compliance.

You are allowed 15 days from the date of this response to re-file your informal grievance with the requested information.  You will need to include a copy of this response.  Your request for administrative appeal is being returned without action.

Appeal to Secretary: Re: Total denial of "Sukkot supplies."  This is an appeal for the institutions denial of the attached I.G. and Grievance.  This inmate only addressed one issue "Sukkot Supplies."  There is no requirement that a separate grievance be filed for each element of the Holy Day.   Even the Chaplains Religion Technical Guide list the Holy Day of Sukkot and many of its supplies.  Please direct the institution to properly respond and/or grant relief.

Response: Your administrative appeal to this office is in non-compliance with Chapter 33-1-3, Inmate Grievance Procedure, because your grievance at the institutional level was determined to be in non-compliance with the requirements of the rule resulting in your appeal to this office being in non-compliance.

Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.

Based on the foregoing information, your grievance is returned without action.

o)   Inmate Grievances- Shabbas, Havdalah, Shacharis, Mincha and Maariv (Exhibit R)

Grievance: Re: Substantial burden on my Religious Exercise.  Without disputing that Sumter CI has a "compelling governmental interest" in Inmate discipline (i.e.)

Disciplinary reports and D.C. confinement.  There is no question that denying a Jewish inmate Shabbas and Havdalah substantially burdens their religious exercise (at least it does according to my faith and belief) but the disciplinary team's findings and actions in ordering me to serve (60) days D.C. confinement is not the least restrictive means of furthering said governmental interest!  In order to comply with the least restrictive means test my D.C. confinement time could be served pursuant to F.A.C. 33-601.308(4)(K) affording me participation in said religious/Jewish programs.  You are directly responsible for my moral and spiritual well-being pursuant to F.A.C. 33-503.001 (1)(c) and could therefore confer directly with Warden Tadlock on this issue of constitutional proportions.  Presently you are in violation of Section 3 of the Religious Land Use and Institutionalized Persons Act of 2000 which provides "no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the burden furthers "a compelling governmental interest" and does so by "the least restrictive means."

Response: According to rules and policy of the department, individuals in confinement are not able to participate in congregation services, at the chapel, due to confinement restrictions.  Your grievance is a security issue.

Appeal to Warden: Re: Violation of section 3 of the Religious Land Use and Institutionalized Persons Act of 2000.  This grievance is being filed for the denial of the attached I.G.  So far, every staff member involved, has violated the above said law.  Is there no consideration for the law of our country?  Apply the law and allow me participation in my religions events that are scheduled at this institution.

Response: Your grievance concerning participation in religious events have been reviewed and evaluated with the following response provided.  Your status for participation in any religious program while in disciplinary confinement is governed by Chapter 33-602, which states that the Chaplain will visit confinement weekly and is authorized to provide spiritual guidance and counsel to inmates in confinement and may distribute religious material.  Chapter 33 has no provisions for an inmate in disciplinary confinement for violations of rules of prohibited conduct to be escorted into general population for religious events.  In addition, nothing is restricting your religious participation in your faith while you are housed in a disciplinary confinement cell.  In conclusion you have not been denied anything that would violate provisions allowed in Chapter 33-602.

Appeal to Secretary: Re: Violation of Section 3 of Religious Land Use and Institutionalized Persons Act of 2000.  The Appeal is being filed for the denial of the attached DC1-303 with attached I.C. (D6-236).  So far, every staff member involved, has violated the above said law, will the Secretary do the same?  Please review.

Response: Your administrative appeal has been reviewed and evaluated.  The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.  Your administrative appeal is denied.

Inmate Request dated July 23, 2005: Re: Request for daily scheduling of "Shacharis, Mincha and Maariv.  Based on your sworn affidavit, there are currently (24) inmates at Sumter CI who claim the faith of Judaism.  This request is submitted,

requesting you to schedule me for morning, afternoon, and evening services (by-call-out) for the above said prayers.  And that you inquire to the other (23) if they wish to participate, this in order to have (if possible) a "Minyon" for all three prayers.  I realize that I am presently in confinement, but this could be arranged now so that by the time I am released, the prayer time requested will be available.  It is requested that these services be scheduled 7 days per week in room #1 where the Ark and Sefer Torah Scrolls are kept.   Also because room #1 is non-denomination.  As you and DOC are amply aware, Orthodox Jews are required to pray these services (all three) every day.

Response: Your request is very noble.  You may perform your prayers any time you want.  However the use of the chapel facility will be done within the framework of the chaplains' presence and time schedule.  It will be scheduled in the morning hours before going to work, at noon between the working hours, and the evening after work when the chapel is open.  All inmates who want to participate can do so.

Informal Grievance dated July 31, 2005: Re: Request for daily scheduling of Shacharis, Mincha and Maariv.  In the (attached) DC6-236 you respond "You may perform your prayers any time you want."  It is not what I want but what Hashem commands.  It is commanded to perform "Shacharis" in the morning (siddur tehellat hashem) has (shacharit-morning pryers) listed as pages (12 to (86) seventy four pages, with use of the Ark and Torah scroll will require approx. (2) hours.  "Mincha" in the afternoon (siddur tehellat hashem) has (mincha-afternoon prayers) listed as pages (96) to (106) eleven pages with use of the Ark and Torah scroll will require approx (1) hour.  "Maariv" in the evening (siddur tehellat hashem) has (maariv-evening prayers) listed as pages (106) to (118) for weekdays and (135) to (144) for Shabbot and Festivals, these pages with use of the ark and torah scroll will require approx. (1) hour.  These prayers are to take place (7) days per week.  With job assignments, call-outs, and being forced to leave the dorms, the only way to observe these commanded times is for you to schedule these services.  It is also requested to utilize the ark and Torah scrolls. Please confirm your approval and supply me with a schedule.

Response: The schedule and the response given you in the previous request still stands.  Please come and see me when you are out of confinement to discuss your situation.

Appeal to Warden: Re: Request for daily scheduling of Shacharis, Mincha and Maariv.  This grievance is filed for the denial of the attached I.G., which spells out (in general) the requested religious accommodations.  In addition, even if I am placed on CM II, F.A.C., ch. 33-601.800(10(h) allows cell-side accommodations.  Please overturn the denial of the attached I.G. and request.

Response: Your request for Administrative Remedy or Appeal has been received, reviewed, and evaluated.  The Informal Grievance date received 08/01/05 and responded to on 08/05/05 and the inmate request responded to on 07/28/05, adequately addressed the above issues and/or concerns.  You have not provided any new information or mitigating factors not otherwise available at the time of the informal grievance response.  Based on the above information, your request for administrative remedy or appeal is DENIED.

Appeal to Secretary: Re: Request for daily scheduling of "shacharis, Mincha and Maariv.  This appeal is filed for the denial of scheduling these requested services.

Please grant this appeal and overturn the institutional denials of this request.

Response: Your administrative appeal has been reviewed and evaluated.  Your complaint was referred to Alex Taylor, Chaplaincy Service Administrator, who has advised that the response provided at the institutional level appropriately addresses the concerns that your raised at the institutional level as well as the central office level.

You state in your appeal that these prayers will take four hours each day of the week for a total of twenty-eight hours.  It is certainly noble, as the Chaplain himself indicates that you seek spiritual growth.  However, the Chaplain must schedule the various religious studies, prayers, and services of the numerous faith groups in the institution within the limited time, space, and resources available.  You may offer your prayers during your free time and when the chapel is open.  After you are out of confinement, you may participate in regularly scheduled Jewish studies and services.  Additionally, you may participate in individual study during your free time.  This includes the purchase of books that adhere to the Admissible Reading Material Rule.  Based on the above information, your administrative appeal is denied.

Inmate Request dated August 9, 2005: Re: Request for Religious Accommodations pursuant to 33-601.800 (10)(h).  Fridays at dusk (just before) is the "Shabbat," and Saturday evening (approx. one hour after dusk) is the "Havdallah," since D.O.C. is presently refusing to provide candle while in confinement status, perhaps candles could be provided cell side.  In addition I require sacramental wine (3 ½ oz) and "Matzah" or "Challah."  The moment authorization is granted I will have an authorized (vendor/religious organization) such as "Aleph" provide any or all of the items at no cost to D.O.C.  Also, please see to it that I don't have to eat "pork" or "liver" and receive the alternate instead.  Directly after the CM process is over I will decide on the Kosher program.

Response: Chaplaincy services contacted security who expressed "security concerns" with candles while in confinement status.

Informal grievance: Re: Refusal to Accommodate Religious Needs.  This I.G. is filed for denial of the attached request for religious accommodations.  Please grant approval.

Response: Your grievance is being returned.  After review of religious file, the matter which is being grieved was addressed on a grievance (informal) dated 7/05/2005.  Rules F.A.C. 33-503.01 (2)(a)2.

Appeal to Warden: Re: Refusal to Accommodate Religious Needs.  This grievance is filed for the denial of the attached request and I.G.  You have and are violation section 2 of the Freedom of Religious Land Use and Institutionalized Persons Act of 2000.

Response: Your request for remedy or appeal has been received, reviewed and evaluated.  In accordance with Department of Corrections Rule 33-103.014 this grievance is being returned without action or processing since the grievance addresses more than one issue.  This grievance may be re-filed if the above deficiency is corrected and resubmitted within allowable time frames per rule 33-103.011.

Appeal to Secretary: Denial of Religious Accommodation.  Charlotte CI is denying me accommodations necessary to perform Shabbat at both its opening and

closing.  The attached grievance addresses only this issue, also attached are Request and I.G. denying such as well.  The Department has now substantially burdened my ability to observe my religion.  And will continue into the future if not corrected.

Response: Your administrative appeal has been received, evaluated, and referred to the Warden for appropriate handling and action.  The institution will be providing you with a response once their review is completed.  If you feel that the institutional response does not adequately resolve the issue, you may once again appeal to this office within 15 days from the date of the institutional response.  Based on this action, your grievance is approved for further inquiry.

Warden's Amended Response: Your request for administrative remedy has been received and reviewed.  Contact was made with the Chaplaincy Services who provided a list of the approved religious ceremonies to include:

Private Worship: A devout Jew is required to pray three times a day (morning, afternoon, and evening).  During the Morning Prayer the prayer shawl and tefillin are customarily worn.

Public Worship: The Sabbath the most important of all festivals begins sunset Friday and lasts until sunset on Saturday.  The observant Jew does not work on the Sabbath. Procedure 503.002(4)(I)(1) "Approved religious items such as prayer rugs, prayer beads, religious medallions, sacred texts or other approved paraphernalia may be used during a religious activity."

In review of Chapter 33-503 candles and wine for worship are not a requirement for the Jewish faith, though they may be an enhancement.  Furthermore the candles requested are not on the approved property list and according to institutional security are considered a security risk.  In accordance with Chapter 33-503-001(2)(c) "Religious beliefs do not justify violation of Department of Corrections institutional rules and regulations."  Based on the aforementioned information, your Request for Administrative Remedy or Appeal is DENIED.

Appeal to Secretary: Re: Denial of Religious Accommodation.  The Warden has filed an "Amended Response" denying totally my requested religious accommodations based on security issues, without considering a less restrictive means other than total denial.

Response: Your administrative appeal has been reviewed and evaluated.  Your complaint was referred Alex Taylor, Chaplaincy Service Administrator, who has advised that the response provided at the institutional level appropriately addresses the concerns that you raised at the institutional level as well as the Central Office level.  The institution is following policy as stated in F.A.C. 33-602-222.  While in confinement, you are permitted religious reading material that adheres to the admissible reading material rule.  The other materials requested by you are security concerns, particularly since you are in confinement and were properly addressed by the institution.  Based on the above information, your administrative appeal is denied.

p)    Informal Grievance dated May 1, 2003) (Ex.S)

Grievance: As I have spoken on the issue to you numerous times, you have room filled (every room ) with Christian literature etc.  You do not provide a room for non

Christian worship such as mine Jewish.  Further you give more time to non-jews then to jews in the chapel, such as video's daily but not jewish videos daily .  And the same with everything in the chapel.  In short the chapel is not being allowed equal to Jewish inmates.  Also you provide [indecipherable].

Response: There is a designated space for Jewish services.  All donated Jewish literature is made available in the chapel library.

Appeal to Warden: Re: Religious Equal Protection.  This grievance is filed for the denial fo the attached informal grievance.  Why is my right to practice my religion treated equally.

Response: I have reviewed your Request for Administrative Remedy or Appeal.  I spoke with Chaplain R. Prentiss and he stated there is no specific room in the Chapel that is exclusive to a particular religious group.  All areas of the chapel can and are used for every religion.  He further stated that a room is designated for Jewish inmates on Friday's Jewish services and a different room is utilized when there is a Jewish volunteer present.

Also, concerning the Jewish videos and Jewish holiday cards; Chaplain Prentiss stated that Jewish Holy Day cards are distributed to participating Jewish inmates when they are donated by Jewish religious organizations.  Jewish videos are available on Friday evenings, if they do not interfere with the designated Friday Jewish service.  During the recent Jewish Passover, there were 20 hours made available for Jewish Services, including time to utilize audio/video resources.  This was in addition to regularly scheduled library hours in the afternoon.

Based on the foregoing, your Request for Administrative Remedy or Appeal is denied.

Appeal to Secretary: This inmate was in transit and did not receive the attached until 6/16/03 and this appeal was then submitted.  This appeal is on the denial of the attached grievance.  I have now been transferred to an institution that provides sumwhat.  But this does not negate the fact that while I was at Madison CI my religious rights/needs were denied.

Response:   Your request for administrative review has been received, reviewed and evaluated.  According to the institution, all inmates are permitted access to the Chapel and Jewish inmates are designated a space for their services.  There are more services for Christian inmates, but only because there are a much greater number of Christian inmates.  As for holiday cards, the institution does not purchase any cards but does distribute cards that have been donated at no cost to the institution, this includes Jewish holiday cards.  Based on the foregoing information, your appeal is denied.

q)    Informal Grievance dated May 4, 2003 (Exhibit T)

Grievance: Why is there two chaplains at Madison of the same faith, rather than having one of them perhaps Jewish.  I feel this is a violation of equal protection as far as the [indecipherable] only non-Jewish employees for institutional chaplains.

Response: To my knowledge, no Jewish Rabbi has applied for a position at Madison CI.

Appeal to Warden: Denial of the attached Informal Grievance.  Why are their two

chaplains of the same faith when one could be of another for diversity.

Response: I have reviewed your Request for Administrative Remedy or Appeal. To my knowledge, no Jewish Rabbi has applied for the position of Chaplain at Madison C.I. But if this occurred, that applicant would be processed/considered regardless of race, color, creed or religion. Based on the foregoing, your Request for Administrative Remedy or Appeal is denied.

Appeal to Secretary: Do to transit this inmate did not receive the attached until 6/16/03, thus this appeal for the denial fo the institutional level grievance is submitted. Why is their no rabbi employed by DOC?

Response: Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level. The Department is an equal opportunity employer and does not discriminate on the basis of sex, race or religion.

r) <u>Informal Grievance (Exhibit U)</u>

Grievance dated 10/7/05: Re: Total denial of religious accommodations for "Rosh Hashana." This year at (sundown) 10/3/05 until 10/5/05 at (sundown) was "Rosh Hashana," and I was not provided any accommodations to observe the holiday, even though the Aleph Institute (as I explained) would donate all needed supplies. Yet I was denied: "Shofar;" "Festive Meals;" "Machzor;" "lighting candles;" "honey;" "apples;" "Challah;" "kiddush;" and a "new fruit not eaten this season." Also I was not taken to a body of water for "Tashlich." There was no consideration of a less restrictive means, but instead a total denial of supplies which precluded me from properly observing this sacred Holy day. This has thus substantially burdened my free exercise of religion in violation of " Section 3 of the Religious Land Use and Institutionalized Persons Act of 2000" as well as a violation of the "Florida Religious Freedom Restoration Act of 1998" My constitutional rights have now been violated as I have been denied free exercise of religion.

Response: Your grievance is denied. According to Procedure 503.002 the extent of any religious ceremony may be determined by time, and space availability ; as well as security concerns of the institution.  (503.002(4)(e)

Appeal to Warden: Re: Total Denial of Religious Accommodations for "Rosh Hashana." This institutional grievance is filed for the denial of the attached I.G. All of the requested religious accommodations were denied me without considering a less restrictive means. No other, less restrictive ways were considered in denying said requests. I am no more a security risk now then I was in open population where I was allowed to attend services and provided supplies. There was adequate time and space available and security could have authorized my religious needs or at a minimum authorized a less restrictive authorization then total denial. There is even a room in the wing that could have been utilized, but was not afforded. Thus, my practice and observance of Orthodox Judaism has been substantially burdened.

Response: Your request for Administrative Remedy or Appeal has been received, reviewed, and evaluated. The Informal Grievance date responded to 10/13/05

by Chaplain Shipman, adequately addressed the above issues and/or concerns.  You have not provided any new information or mitigating factors not otherwise available at the time of the informal grievance response.  Based on the above information, your request for administrative remedy or appeal is DENIED.

Appeal to Secretary: Re: Total Denial of Religious Accommodations for "Rosh Hashana."  This is an appeal for the attached I.G. and grievance at the institutional level.

Response: Your administrative appeal has been reviewed and evaluated.  Your complaint was referred to Alex Taylor, Chaplaincy Service Administrator, who has advised that the response provided at the institutional level appropriately addresses the concerns that you raised at the institutional level as well as the Central Office level.

According to your statement, you requested a Shofar (a ramae's horn), festive meals, machzor, lighting candles, honey, apples, challah, kiddush, and a new fruit not eaten this season.  You also requested to be taken to a body of water for "Tashlich.  In reference to Procedure 503.002, the Department does not purchase any faith specific materials for any religious group.  The Department and institutions rely upon donations from the various faith communities.  If donations are not received, they cannot be distributed.  Additionally, all food and other items entering into the institution are security concerns and are decided based upon the security and efficient management of the institution.  Based on the above information, your administrative appeal is denied.

Informal Grievance dated 10/15/05: Re: Total denial of "Yom Kippur" supplies.  I have been denied the use of a "machzor," "shofar," "kittel," the ability perform "kapparto: through "tzadakah," the use of a "Mikvah," use of candles (and for yorksiet), "challah" and honey with some fish or chicken to be consumed just before the fast begins.  The "mikva" was also to be utilized just before the fast began.  Yet all of these requirements were denied me.  This has substantially burdened my free exercise of religion, for which the denial was outright, without even considering a less restrictive means of allowing me to practice my faith.

Response: According to institutional records the appellant was on the call out/memo for the observances in question.  As the department does not purchase any religious supplies for any faith group, what donations, if any are not always available.  (503.002(4) This unavailability was not the fault or intent of the Chaplain.  Your grievance is denied.

Appeal to Warden: This institutional grievance is filed for the denial fo the attached I.G.  As this institutional staff is well aware, the Aleph Institute would supply (free of charge) all needed supplies.  All was needed was to call Aleph or fill out their high holiday order form.  Instead I have been totally denied the ability to utilize said supplies.  Thus my practice of Orthodox Judaism was substantially burdened without considering a less restrictive means of affording me my requested religious accommodations.  This is in direct violation of section 3 of the Freedom of Religious Land Use and Institutionalized Persons Act of 2000.

Response:  Your request for Administrative Remedy or Appeal has been received, reviewed, and evaluated.  The Informal Grievance date responded to 10/17/05 by Chaplain Shipman, adequately addressed the above issues and/or concerns.  You

have not provided any new information or mitigating factors not otherwise available at the time of the informal grievance response.  Based on the above information, your request for administrative remedy or appeal is DENIED.

Appeal to Secretary: Re: Total Denial of "Yom Kippur Supplies."  This is an appeal for the denial of the attached I.G. and Grievance at the institutional level.

Response:  Your administrative appeal has been reviewed and evaluated.  Your complaint was referred to Alex Taylor, Chaplaincy Service Administrator, who has advised that the response provided at the institutional level appropriately addresses the concerns that you raised at the institutional level as well as the Central Office level.

In reference to Procedure 503.002, the Department does not purchase any faith specific materials for any religious group.  The Department and institutions rely upon donations from the various faith communities.  If donations are not received, they cannot be distributed.  Additionally, all food and other items entering into the institution are security concerns and are decided based upon the security and efficient management of the institution.  Based on the above information, your administrative appeal is denied.

s)    Informal Grievance dated 10/27/05 (Exhibit V)

Grievance: Re: Total denial of the ability to observe "Simchat Torah."  Without considering a less restrictive means then total outright denial, you have substantially burdened my ability to observe "Simchat Torah."  In fact, no accommodations were made what-so-ever.  Jewish inmates should have been allowed to gather and read and dance around the Torah, as well as eat together after the last chapter of the Torah was read, etc.

Response: Your grievance is denied.  According to procedure 503.002(4)(c) "Chaplaincy services will compile a list of approved religious ceremonies, rites, and observances in a religion technical guide and will distribute the religion technical guide as requested to all chaplains.

In addition, according to procedure 503.002(4)(e) "the extent and frequency for observance of any religious ceremony will be determined by the following consideration...the security concerns of the institution."

You were allowed to observe your religious observance consistent with current religious tech. guide and as your current classification/housing allow, the good order of the institution permits, current procedure and policy dictates, and sound penological practice.

Appeal to Warden: Re: Total Denial of Ability to observe "Simchat Torah."  This grievance is filed for the denial of the attached I.G.  Senior Chaplain Shipman's response that the "religion technical guide" does not have "Simchat Torah" is error. "Simchat Torah" is recognized on page 59 of the Guide.  Yet even if the guide did not specify such, this would not be grounds for denial of a requirement of my faith in which I believe in.  In regards to the security claim, no less restrictive means was considered. Instead, I was totally denied all aspects of this sacred day.  Please grant relief.

Response: Your request for Administrative Remedy or Appeal has been received, reviewed, and evaluated.  The Informal Grievance date responded to 10/31/05

by Chaplain Shipman, adequately addressed the above issues and/or concerns.  You have not provided any new information or mitigating factors not otherwise available at the time of the informal grievance response.  Based on the above information, your request for administrative remedy or appeal is DENIED.

Appeal to Secretary: Re: Total denial of ability to observe "simchat torah." This is an appeal from the attached I.G. and grievance that were denied at the institutional level.  Please grant relief.

Response: Your administrative appeal has been reviewed and evaluated.  Your complaint was referred to Alex Taylor, Chaplaincy Service Administrator, who has advised that the response provided at the institutional level appropriately addresses the concerns that you raised at the institutional level as well as the Central Office level. According to the institution you were permitted to observe Simchat Torah consistent with your confinement status at that time.  You were in Close Management and while in Close Management, all religious services are held at cell side.  This is in accordance with security guidelines.  Based on the above information, your administrative appeal is denied.

Informal Grievance dated 10/27/05: Re: Failure to Accommodate Religious Services to observe "Shemini Atzeret."  Among those items denied for this Holy Day include, candles, wine for Kiddush, Torah scrolls, etc.  Jewish members should have been permitted to gather for this service.  A lesser restrictive means of affording an opportunity to observe this sacred day was not even considered, thus a total denial substantially burdened my free exercise of religion.

Response: Your grievance is denied.  According to procedure 503.002(b) Chaplaincy services will not provide or purchase religious supplies for ceremonies, services , or religious chapel decorations or paraphernalia that is specific to any particular religious faith group.  This unavailability of not the fault or intent of the chaplain.  In addition procedure 503.002(e) the extent and frequency for observance of any religious ceremony will be determined by the following considerations...the security concerns of the institution.

Appeal to Warden: Re: Failure to Accommodate Religious Services to observe "Shemini Atzerat."  This grievance is filed for the denial of the attached I.G.  Senior Chaplain's excuse that 503.002(b) provides the Department will not purchase the supplies required is a hollow excuse for two reasons: 1) Senior Chaplain Shipman was apprised well in advance that the Aleph Institute would provide all supplies; 2) the Religious Land Use and Institutionalized Persons Act of 2000 forbids such a denial on costs.  In regards to security concerns, a less restrictive means was not considered or utilized.  Instead a total denial was enforced thus substantially burdening my religion. Please approve and grant relief.

Response:  Your request for Administrative Remedy or Appeal has been received, reviewed, and evaluated.  The Informal Grievance date responded to 10/31/05 by Chaplain Shipman, adequately addressed the above issues and/or concerns.  You have not provided any new information or mitigating factors not otherwise available at the time of the informal grievance response.  Based on the above information, your request for administrative remedy or appeal is DENIED.

Appeal to Secretary: Re: Failure to Accommodate Religious Services to observe "Shemini Atzeret."  This is an appeal for the denial of the attached I.G. and Grievance that were denied at the institutional level.  Please grant relief.

Response:  Your administrative appeal has been reviewed and evaluated.  Your complaint was referred to Alex Taylor, Chaplaincy Service Administrator, who has advised that the response provided at the institutional level appropriately addresses the concerns that you raised at the institutional level as well as the Central Office level.

According to the institution, you were permitted to observe Simchat Torah consistent with your confinement status at that time.  You were in Close Management and while in Close Management, all religious services are held at cell side.  This is in accordance with security guidelines.  Based on the above information, your administrative appeal is denied.

    t)    <u>Affidavit of Plaintiff (Exhibit B)</u>

Plaintiff avers that he was born to a Hebrew woman and has been a sincere adherent of the Jewish (Orthodox) faith since 1997.  (Doc. 42, Exhibit B, p.1).  He asserts that the religious acts at issue in his complaint must be performed in perfect detail or they are rendered "valueless."  (Id., p.9).  Most of the remainder of his affidavit provides considerable detail about these various rituals, their significance, and their derivation, and his argument against the policies and practices of the DOC that burdens these practices.  He also offers less restrictive means for securing the institution that would still allow him these practices.

With regard to the JDAP, Plaintiff argues also that there are only two institutions of the five that provide Kosher meals where he could go in his present custody status (close): Union Correctional Institution and Washington Correctional Institution.  (Id., p. 18).  He argues that it would continue to pose a substantial burden upon him if he were to be transferred to either of these institutions because Union is 2 ½ hours from his family and Washington is 4 ½ hours away, whereas Sumter CI[5] is only 53 miles from his

---

[5]  Plaintiff is now housed in Everglades CI.

family and Sumter affords Jewish Inmates a better opportunity to follow their faith

otherwise.  (Id., at p.18).

## II.    Analysis

a)    Exhaustion

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides:  "*No action*

*shall be brought* with respect to prison conditions under section 1983 of this title, or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted."  (Emphasis added.)

The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought

pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir.

1998).  There is no discretion to waive this requirement or provide continuances of

prisoner litigation in the event that a claim has not been exhausted prior to filing.

Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983,

152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all

inmate suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong.");

Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an

excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212

F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his

grievance all relevant information reasonably available to him" but he cannot be

required to name individuals responsible for challenged conduct when he could not yet

identify those persons).  Furthermore, this Court may not consider the adequacy or

futility of administrative remedies, but only the availability of such.  Higginbottom, 223

F.3d at 1261, *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process.  Alexander, 159 F.3d at 1323.

Plaintiff is housed within the Florida Department of Corrections.  Florida prisons have an administrative grievance program.  *See* FLA. ADMIN. CODE CH. 33-103.  Except in emergencies and certain other defined circumstances, this process is three tiered: (1) an informal grievance; (2) a formal grievance to the warden; and (3) an appeal to the secretary.

Defendant argues that a number of Plaintiff's claims in the amended complaint (doc. 42) filed on January 31, 2006, were not exhausted at the time the original complaint was filed on April 8, 2004, (doc. 1), and therefore, those claims should be dismissed even though they were exhausted by the time the amended complaint was filed.  Defendant has offered no case on point for this contention, and independent research has yielded a contrary result.  In Williams-El v. McLemore, 327 F.Supp.2d 784 (E.D. Mich. 2004), the district court held that exhaustion must occur by the filing of the original complaint and could not be cured by the filing of an amended pleading, but the Court of Appeals for the Sixth Circuit reversed and remanded holding that the district court had to examine the amended complaint in determining whether an inmate had exhausted his administrative remedies.  Williams v. McLemore, 2005 WL 2175924 (6th

Cir. 2005).  The Court of Appeals explained that while a prisoner could not amend his complaint for the purpose of curing deficiencies in pleading exhaustion, where the court had granted him leave to amend, the court must look to the amended pleading to determine exhaustion.  Interestingly, District Judge William H. Stafford, Jr., of the Northern District of Florida, was sitting by designation on the Court of Appeals for this decision.  This holding also comports with local practice in this district that provides that amended pleadings fully replace all prior pleadings.  See Local Rule 15.1. Consequently, the undersigned finds that exhaustion will be determined as of the date of the filing of the amended complaint.

Having carefully reviewed the exhibits attached to the amended complaint, the Court finds that all claims asserted therein have been fully exhausted with the following exceptions:

(1) denial of wearing religious clothing such as tallit, tzitzit, yarmulke;

(2) denial of the observation of the Sabbath each Friday;

(3) any aspects of sitting Onan other than the exception to grooming regulations; and

(4) observation of and supplies for "Sukkot."

Plaintiff did not appeal his grievances about the wearing of a tallit, tzitzit, and yarmulke.   (Doc. 42, Exhibits E).  Further, the grievances attached to the amended complaint did not include a claim that Plaintiff was denied observation of the Sabbath each Friday, rather his grievance concerning this matter was a complaint about one Sabbath and was not appealed.  (Doc. 42, Exhibit E).  With regard to sitting Onan, proof of exhaustion through the appeal to the Secretary is not attached to the amended

complaint (doc. 42, exhibit H), but it is attached to the original complaint.  (Doc. 1, exhibit 2-Count III).  However, the undersigned agrees with Defendant that there is not enough information in any of the grievances to adequately inform the DOC of Plaintiff's complaints with regard to sitting Onan other than an exception for shaving and hair cuts.[6]  Thus, insofar as Plaintiff's claims regarding Onan include other aspects of this ritual, they should be dismissed for failure to exhaust.  Grievances concerning "Sukkot" were returned without action because they were deemed to be in non-compliance for raising more than one issue.  Plaintiff was directed to re-file the grievances, but he did not.  (See Section II (n) above.

Thus, it will be recommended that the claims of (1) denial of wearing religious clothing such as tallit, tzitzit, yarmulke; (2) denial of the observation of the Sabbath each Friday; (3) any aspects of sitting Onan other than the exception to grooming regulations; and (4) observation of and supplies for Sukkot be dismissed for failure to exhaust administrative remedies.

      b)    <u>Kosher Diet</u>

Although the Court finds that the claim about a kosher diet has been exhausted, it further finds that the claim should be dismissed because implementation of the Jewish Dietary Accommodations Program (JDAP) on April 1, 2004, which now provides kosher meals in certain correctional institutions, makes the issue moot.  Any claims Plaintiff has about the JDAP have not been exhausted.  There is also the question of Plaintiff's

---

[6]  Indeed, the undersigned recommends finding this exception only because Defendant concedes as much.  (See Doc. 51, p. 9).  Even the grooming issue is not fully apparent to the Court upon review of the relevant grievances.

standing to complain about the JDAP since he has not elected to participate in this program.  Consequently, this claim should also be dismissed.

  c)  <u>Failure to state a claim under RLUIPA</u>

  Generally, the RLUIPA requires that state action substantially burdening religious exercise must be justified as the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. §2000cc-1, *et seq.*  To invoke the protection of the RLUIPA, plaintiffs bear the burden of first demonstrating that the regulation substantially burdens religious exercise. <u>See</u> id. at  2000cc-2(b).  Under the RLUIPA, religious exercise does not have to be compelled by, or central to, a system of religious belief. *Id.* at  2000cc-5(7)(A). The definition of "substantial burden" under the RLUIPA is similar to the definition used by the Supreme Court in analyzing its "free exercise" cases under the First Amendment and has varied over time. <u>See</u>, e.g., <u>Lyng v. Northwest Indian Cemetery Protective Ass'n</u>, 485 U.S. 439, 450 (1988) (indicating that no substantial burden exists where regulation does not have a tendency to coerce individuals into acting contrary to their religious beliefs); <u>Hobbie v. Unemployment Appeals Comm'n of Fla.</u>, 480 U.S. 136, 141, 107 S.Ct. 1046, 94 L.Ed.2d 190 (1987) (finding substantial burden when government put substantial pressure on an adherent to modify his behavior and to violate his beliefs); <u>Thomas v. Review Bd. of Ind. Employment Sec. Div.</u>, 450 U.S. 707, 718, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981) (same); *Sherbert v. Verner,* 374 U.S. 398, 404, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963) (finding a substantial burden when an individual is required to choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion  on the other); <u>but see  Bowen v. Roy</u>, 476 U.S. 693, 707-08, 106 S.Ct.

2147, 90 L.Ed.2d 735 (1986) *1227 (finding no substantial burden where government action interfered with, but did not coerce, an individual's religious beliefs); Lyng, 485 U.S. at 452, 108 S.Ct. 1319 (same).

In the Eleventh Circuit, it has been held that an individual's exercise of religion is substantially burdened if a regulation completely prevents the individual from engaging in religiously mandated activity, or if the regulation requires participation in an activity prohibited by religion. See Cheffer v. Reno, 55 F.3d 1517, 1522 (11th Cir.1995) (applying the Religious Freedom Restoration Act, we found no substantial burden when religion did not require particular means of expressing religious view and alternative means of religious expression were available); Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater, 2 F.3d 1514, 1550 (11th Cir.1993) (finding a substantial burden when regulation had the effect of mandating religious conduct).  Substantial burden requires something more than an incidental effect on religious exercise, it must place more than an inconvenience on religious exercise and "is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." Midrash Sephardi v. Town of Surfside, 366 F.3d 1214, 1225 (11th Cir. 2004).  Thus, a substantial burden can result from pressure that tends to force adherents to forego religious precepts or from pressure that mandates religious conduct. Id.

A prima facie case is established by demonstrating that a policy or practice constitutes a substantial burden on a plaintiff's religious exercise and the burden then shifts to the defendant to show that any substantial burden is "in furtherance of a compelling governmental interest" and "the least restrictive means of furthering that

compelling governmental interest."  42 U.S.C. §§2000cc-1(a) and 2000cc-2(b).

In his affidavit, Plaintiff explains the significance of each practice at issue and why these rituals must be done in perfect detail.  He also shows why the restrictions imposed by the DOC on each ritual is a substantial burden to his religious practice. Defendant does not come forth with any evidentiary material or otherwise explain the compelling governmental interest or why no less restrictive means could be employed such that it wholly fails to carry its burden on this element of the claims. The only specific argument advanced by Defendant for a compelling governmental interest and least restrictive means is the grooming policy as it relates to the claim regarding Onan and the Counting of Omer, but the cases cited by Defendant concern unlimited hair and beard growth.  As the Court understands the issues regarding the sitting of Onan (including the mourning periods of Shiva and Shlosim) and the Counting of Omer, Plaintiff was requesting a short refrain from shaving or hair cutting which seemingly would not implicate the same security concerns with long beards and hair that could be used to hide contraband or weapons.  Defendant makes no specific argument on any other issue besides the grooming policy, and the undersigned is of the opinion that Plaintiff has made a prima facie case under the relevant law sufficient to carry his burden at this stage of the litigation.

The undersigned has read the case cited by Plaintiff and agrees with the district court in California that these issues are best decided on a motion for summary judgment and should not be resolved at the pleading stage on a motion to dismiss.  See Hillmon v. Alameida, 2005 WL 2030571 (E.D. Cal.).  Thus, insofar as Defendant contends that the amended complaint should be dismissed for failure to state a claim, the motion is denied.

d)      Injunctive relief and Article III standing

In order to establish standing, a plaintiff must make a three-prong showing: (1) that he has suffered an "injury in fact;" (2) there must be a causal connection between the injury and the defendant's conduct; and (3) that it is likely and not speculative that the injury can be remedied by a favorable decision in the case at hand.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).  Because Plaintiff seeks declaratory and injunctive relief only in this lawsuit, the Court must examine whether he has alleged and can show a "real and immediate threat" of future injury.  City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983); Wooden v. Board of Regents, 247 F.3d 1262 (11th Cir. 2001).

Defendant argues that many of Plaintiff's claims of burden upon his religious exercise were predicated upon his disciplinary confinement at the time and therefore any future injury is speculative.  Further, Defendant contends that the incidents complained of were isolated and not based on an ongoing policy or practice at that particular institution (Madison CI), that Plaintiff has now been transferred to another correctional institution, and therefore, any future injury is unlikely and speculative.

1) Denial of Passover services and supplies (Doc. 42, ¶¶ 65-69)

On April 16, 2003, while at Madison CI, Plaintiff was given disciplinary reports for lying to staff and unauthorized absence from an assigned location which resulted in his administrative confinement and then disciplinary confinement for 90 days.  During this period of confinement, Passover occurred and Plaintiff was denied services on April 17th and 18th, as well as the following items for these rituals: Haggadah Booklet, shank bone/chicken bone, hard boiled egg, romaine lettuce, apple, nuts, onion/cooked potato,

salt, plastic plates, "sporks" and napkins, towel and bowl for washing hands.  Plaintiff

claims that he could have been provided these items and attended these services even

though he was in confinement.  He also claims that he was denied non-chometz meals

during this Passover.

Defendant argues that Plaintiff does not contend that he has been denied

Passover services other than the time he was in confinement at Madison and unless he

plans on committing another infraction during Passover again, any future injury is too

speculative to afford him injunctive relief under the case law pertaining to standing.

Defendant also argues that the denial of non-chometz meals was an isolated incident,

unrelated to policy or procedure at Madison, and was simply the result of a mis-

communication at the institution as evidenced by the grievance responses attached to

the amended complaint.

Plaintiff argues that because he is serving a life sentence it is likely that at some

time in the future he will again be placed in administrative or disciplinary confinement

making future injury less speculative.

With regard to Plaintiff's claims regarding Passover supplies and services, the

undersigned agrees with Defendant that there is no "real and immediate threat" of future

injury.  It is also speculative that any future injury could be redressed by an injunction in

this case.  Plaintiff would have to be in close confinement at Madison CI during

Passover again before any relief granted in this lawsuit could be effectively granted.

The denial of his religious exercise was not the result of a DOC policy beyond the

general policy that when an inmate is in disciplinary confinement he is denied services

and items in his cell.  Whether or not Plaintiff is again in disciplinary confinement during

Passover is substantially within his power to avoid.  Thus, as to his claims regarding

Passover services and supplies the claims should be dismissed for lack of standing.

    2)   Denial of reading materials during confinement (doc. 42, ¶¶ 70-80)

Plaintiff claims that during this same time period (April 2003) he was denied his

hard bound religious books (Torah, Tanach, Talmud and Midrash) while he was in close

confinement pursuant to Florida Administrative Code §33-501.401(18), which prohibits

hard bound copies of books to prisoners in confinement.  Plaintiff claims that he had soft

bound copies of several books, as did the library at Madison CI, which could have been

provided to him during this time.  Plaintiff also alleges that he has been allowed hard

bound religious texts while in confinement at Sumter CI.

Defendant contends that this appears to have been a one time incident at

Madison CI and the likelihood of it ever occurring again is remote and speculative.

Indeed, Plaintiff himself asserts that he has had no problems retaining his religious texts

since this time, and the undersigned is of the opinion that he again lacks standing under

the case law cited above to assert a claim for prospective relief on this claim, also.

    3) Daily use of Tefillin (doc. 42, ¶¶ 90-98)

Plaintiff claims that he needs the use of tefillin each morning and while confined

at Madison CI during this particular period of confinement he was not allowed to keep

the tefillin in his cell nor was he allowed to go to chapel to use his tefillin.  He concedes

in his amended complaint that each institution is delegated the decision whether to allow

tefillin to be kept in the inmate's cell or to allow the inmate to come to the chapel to use

it, and that he has not had a problem in using tefillin in any other institution or at any

other time during his incarceration.

Again, the undersigned finds that there is no real or immediate threat of future injury in being denied the use of tefillin since Plaintiff himself concedes that other institutions where he has been in custody and other institutions that he is aware of all make arrangements for Jewish inmates to use tefillin even when in confinement.  Thus, he lacks standing to assert this claim also for prospective relief.

4)  <u>Observation of Shacharis, Mincha, Maariv and Havdalah (doc. 42, ¶¶ 81-89)</u>

Defendant did not raise the issues regarding observation of these rituals during confinement in the motion to dismiss.  (Doc. 51).  Consequently, Plaintiff did not address the issues in the response to the motion to dismiss, except to assume that Defendant was not challenging them on issues of standing.  (<u>See</u> doc. 67, p. 1, n.1, p. 16, n.15).  The claims are slightly different than the isolated events described above in that Plaintiff complains that he was denied these practices while in administrative and disciplinary confinement at Madison CI and then later when he was in close confinement at Sumter CI.  From a reading of the grievances attached to the amended complaint, it appears that it is the policy of the DOC to deny these religious practices at all correctional institutions during confinement and it is the gravamen of Plaintiff's claims that there is no compelling government interest in denying these practices during such periods of confinement.  Since Defendant has not addressed the standing issue in the context of these claims in the motion to dismiss or otherwise explained the compelling government interest in denying these practices, the undersigned is of the opinion that these claims should go forward.

e)  <u>Supplemental Jurisdiction</u>

Under 28 U.S.C. §1367, this Court "shall have supplemental jurisdiction over all

other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Plaintiff asserts denial of the Florida Religious Freedom Restoration Act (FRFRA), Fla. Stat. §761.01 *et seq.*, which provides that the same test using the compelling government interest analysis used under federal law shall also be applicable to state laws which are alleged to substantially burden free exercise of religion.  Thus, the state law claims are clearly related to the federal claims.

Defendant asserts that any prospective relief that could be afforded pursuant to this state statute is precluded under 18 U.S.C. §3626 because it is not "necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." Pursuant to 18 U.S.C. §3626, "[t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  There is nothing before the undersigned to persuade him that Plaintiff seeks relief beyond that necessary to correct his rights as protected by federal law, especially since the state law at issue would apparently be decided using the same compelling government interest analysis used under federal law.

To summarize these recommendations, the following claims would remain if the recommendations herein made are adopted:

1) observation of Shacharis each morning during administrative or disciplinary confinement;

2) observation of Mincha each afternoon during administrative or disciplinary

confinement;

      3) observation of Maariv each evening during administrative or disciplinary confinement;

      4) observation of Havdalah each Saturday during administrative or disciplinary confinement;

      5) observation of Rosh Hashanah, Yom Kippur, Simchat Torah and Shemini Atzeret;

      6) refrain from shaving or cutting hair or beard during the Counting of Omer;

      7) refrain from shaving or cutting hair during sitting of Onan (Shiva and Shlosim);

      8) observation of Jewish services in a non-denominational room; and

      9) consistent and timely consultation with an Orthodox rabbi.

      In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (doc. 51) be **GRANTED IN PART**, in that Plaintiff's claim regarding (1) a Kosher diet be **DISMISSED AS MOOT**, and insofar as he asserts that he is denied a Kosher diet under the JDAP, his claim should be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for lack of standing; and (2) his claim that he cannot utilize religious clothing daily; (3) his claim that he cannot observe the Sabbath each Friday; (4) his claim that he was denied to sit Onan in any other respect beyond the grooming requirements of this ritual; and (5) his claim that he was denied observation of and supplies for Sukkot be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

      It is further **RECOMMENDED** that Plaintiff's claim for: (6) denial of Passover

services and supplies in April 2003; (7) denial of use of religious reading materials in April 2003; and (8) denial of use of tefillin in April 2003 be **DISMISSED** for lack of standing.

**IN CHAMBERS** at Gainesville, Florida, this **27**th___ Day of December, 2006.


**s/ A. KORNBLUM**_____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**