IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROSS JAY LAWSON,

    Plaintiff,

vs.                                                  CASE NO. 4:04CV105-MP/AK

JAMES MCDONOUGH, et al,

    Defendants.

_____/

## O R D E R

This cause has been remanded for further proceedings following the adoption in part of the recommendations (doc. 120) of the undersigned that Defendant's Motion to Dismiss (doc. 51) be granted in part. (Doc. 128). Presently pending before the Court is Plaintiff's Motion to Quash (doc. 71) and Defendant's Motion to Compel (doc. 99), which concern documents sought from non-party Aleph Institute by subpoena and which were withheld pursuant to claims of privilege and work product. These documents have been produced for *in camera* inspection, (doc. 122), this inspection has now been conducted, and the Court is of the following opinion.

Pursuant to Rule 501, Federal Rules of Evidence, issues of privilege in federal question cases are determined by federal common law. This is true even where supplemental state law claims are asserted, but where the principle claim arises under federal law. Kodish v. Oakbrook Terrace Fire Protection District, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Congress, in drafting Rule 501, did not specify the privileges to be

recognized, but instead left it to federal courts to determine whether a privilege applies "in the light of reason and experience." (See Advisory Committee Notes).  This determination requires a search of relevant federal common law for the existence of the specific privilege asserted, and if no such privilege is found, a determination of whether the federal common law should be expanded to include the privilege asserted.  Kodish, *supra* at 450-451.  The burden of proving the privilege is upon the party asserting it. United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991).

## Attorney-Client Privilege

The attorney-client privilege is recognized by federal common law.  Upjohn Co. v. United States, 449 U.S. 389 (1981).

The elements of attorney-client privilege are:

1) where legal advice of any kind is sought;
2) from a professional legal advisor;
3) the communications relate to this purpose;
4) made in confidence;
5) by the client;
6) are at the client's instance protected;
7) from disclosure by himself or the legal advisor;
8) unless the protection is waived.

Universal City Development Partners v. Ride & Show Engineering, Inc., 230 F.R.D. 688, 690 (M.D. Fla. 2005).

Factors to be determined if waiver has occurred are: "(1) the reasonableness of precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." Ray v. Cutter Laboratories, 746 F. Supp. 86 (M.D. Fla. 1990).

## First Amendment Privilege

**No. 4:04CV105-MP/AK**

Neither Aleph nor Plaintiff has met their burden in asserting this privilege, which Is not recognized in federal common law, so as far as this Court can determine, and has only been raised in the context of a reporters' rights in protecting confidential sources, which is inapplicable in this case. See In Re Grand Jury Subpoena, Judith Miller, 438 F.3d 1141 (C.A.D.C. 2006). Thus, the Court does not recognize this privilege and will not engage in a discussion about expanding the common law to recognize it since the parties have not sufficiently asserted it.

### Clergy Privilege

Federal courts have recognized this privilege under the following circumstances. In re Grand Jury Investigations, 918 F.2d 374 (3rd Cir. 1990) (discussing legislative history of privilege law which initially included a specific clergy privilege). The privilege protects communications to a member of the clergy, in his or her spiritual or professional capacity, by persons who seek spiritual counseling and who reasonably expect that their words will be kept in confidence. Id.

### Work Product Materials

Work product material is also protected from discovery and disclosure. Hickman v. Taylor, 329 U.S. 495 (1947). Rule 26(b)(3), Federal Rules of Civil Procedure defines such material as:

> documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)

The rule adds that these materials may be produced only upon a showing of substantial need and that the party is unable without undue hardship to obtain the

**No. 4:04CV105-MP/AK**

substantial equivalent of the materials by other means, but that even upon such a showing, "the court shall protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Rule (b)(3), Federal Rules of Civil Procedure.

<u>Relevant facts pertaining to privilege and work product</u>

Plaintiff filed this lawsuit *pro se* on April 8, 2004. (Doc. 1). On October 31, 2005, Justin Brian Uhlemann of the law firm of McDermott Will & Emery entered an appearance on behalf of the Plaintiff. (Doc. 32). Counsel for Plaintiff engaged the services of Robert L. Moore, a former lawyer and employee of Aleph Institute, to assist in their representation of Plaintiff. (<u>See</u> Doc. 116, Exhibits A and B). Documents inspected by the Court show that Mr. Moore was working in conjunction with the law firm prior to their entry of appearance, at least as early as September 2005, in a legal capacity, as a professional advisor, and as an agent of Plaintiff's counsel. Prior to his engagement by the law firm of McDermott Will & Emery, Robert L. Moore corresponded with Plaintiff concerning his *pro se* lawsuit in a manner that would be expected to be kept confidential.

Applying the relevant law and facts cited above to the documents inspected, the Court finds that **the following documents should be produced by Aleph Institute to the Defendant: Nos. 1-10-001 through 1-10-014.** These invoices do not reflect any communications between Plaintiff and a member of the clergy for the purpose of spiritual counseling and there is nothing to indicate that Plaintiff had any expectation of

**No. 4:04CV105-MP/AK**

confidentiality with regard to these invoices. Consequently, the clergy privilege is inapplicable.

The Court finds that the remaining documents are properly withheld from production and the motion to compel (doc. 99) is denied as to them. The letters from Bob Moore to Plaintiff about his case when Plaintiff was acting pro se, to the extent that they reflect communications by Plaintiff, are subject to the attorney-client privilege under the definition set forth above and are therefore properly withheld: **Nos. 1-7-C-001 through 1-7-C-007.** To the extent that these communications reflect the mental impressions, conclusions, opinions, or legal theories of Mr. Moore, who was at that time acting as a representative of Plaintiff in this litigation, the documents are protected by work product. All documents between Mr. Moore and Plaintiff after counsel had been retained on his behalf, which are copied to counsel, are protected as work product: **Nos. 1-7-C-008 through 1-7-C-015.**

Further, all the documents from Robert Moore to the law firm are work product: **Nos. 1-2-001 through 1-2-89.**

Given that Defendants' motion has only been granted in part and the Court finds that Aleph Institute was substantially justified in withholding many of the documents at issue, the Court further finds that no fees or expenses should be awarded.

It is the Court's understanding that this Order disposes of all the issues raised in the pending motion to quash filed by Plaintiff on Aleph's behalf (doc. 71), without necessity of an additional response from the Defendant. The parties are reminded that

**No. 4:04CV105-MP/AK**

they are to confer and submit a Joint Motion for Pre-trial Deadlines on or before June 18, 2007, thirty days after the district judge ruled on the pending objections to the report and recommendation. (See Doc. 127).

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Compel (doc. 99) is **GRANTED IN PART**, insofar as Aleph Institute shall produce on or before **June 15, 2007**, to Defendants Nos. 1-10-001 through 1-10-014. The motion is **DENIED** in all other respects.

2. Plaintiff's Motion to Quash (doc. 71) is **GRANTED IN PART**, in accordance with the directives set forth in ¶ 1, and **DENIED** in all other respects.

**DONE AND ORDERED** this *7th* day of June, 2007.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

**No. 4:04CV105-MP/AK**