

PROVIDED TO MAYO
12/20/07
DATE   INITIALS

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
TALLAHASSEE DIVISION**

**ROSS JAY LAWSON,**

Plaintiff,

vs.                                                         Case No.:  4:04-cv-105-MMD/AK

**FLORIDA DEPARTMENT
OF CORRECTIONS,**

Defendant.
_____/

### PLAINTIFF'S RESPONSE TO THE FIRM'S OBJECTIONS TO MAGISTRATE JUDGE KORNBLUM'S ORDER DENYING THE FIRM'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

COMES NOW, the Plaintiff, Ross Jay Lawson, *pro se*, pursuant to "McDermott Will & Emery LLP's Objections To Magistrate Judge Kornblum's Order Denying The Firms Motion To Withdraw As Counsel For Plaintiff. Plaintiff responds to the Firm's objections as follows:

1.    The Firm's objections as well as the Firm's initial Motion To Withdraw fail to establish by competent proof the alleged basis for withdrawal.  Plaintiff objects to the broad conclusory assertions raised by the Firm's objections and asserts that such allegations are simply untrue.  There are simply no irreconcilable differences between the Firm and the Plaintiff.

1

2. The Firm asserts in their objections that the alleged differences became irreconcilable following the Court's May 24, 2007 order dismissing certain claims in Plaintiff's Amended Complaint. Although Plaintiff totally disagrees that irreconcilable differences exist, he will put the parties' differences into perspective.

3. Pursuant to the Court's May 24, 2007 order, claims of "Weekly Sabbath Observance"; "Denial of Wearing Religious Clothing such as Tzitzit"; and "Observation of and Supplies for Sukkot" were dismissed for failure to fully exhaust the grievance process (a legal prerequisite to filing suit).

4. Also, "Denial of Passover Services and Supplies"; "Denial of Required Religious Texts"; and "Denial of Daily Use of Tefillin" (all of which concerned being in confinement), were dismissed for lack of Article III standing, as the Court was persuaded by defendant's assertion that the incidents complained of were isolated and not based on an ongoing policy or practice and therefore any future injury would be unlikely and speculative.

5. Petitioner and the Firm have discussed the possibility of including claims for: retaliation; nominal compensatory and/or punitive damages; alternative theories such as violations of equal protection; and the possibility of folding new claims into the case that have arisen subsequent to the filing of the Amended Pleading. Specifically:

        a.) Failure to provide any weekly Sabbath services whatsoever since April of 2007, since complete

exhaustion of the three-tiered grievance procedure has failed to remedy the deprivation; and

b.) Failure to provide a weekly work proscription for Sabbath, as Petitioner has been forced to work on the Sabbath since April of 2007, where complete exhaustion of the three-tiered grievance procedure has failed to remedy the deprivations.

6. From the simple perspective of Plaintiff being a sincere adherent of Orthodox Judaism, his obvious position is to have his claims presented and heard by the Court. The Firm's position is the opposite. Plaintiff certainly does have his own views as to how best to prosecute the instant action, but the Firm does not share such views. Nonetheless (and as admitted by the Firm), Plaintiff has always deferred to the Firm's final position.

7. Plaintiff is absolutely unaware of any responsibility he allegedly has, to accept without debate as his own, the Firm's views as to how best to prosecute the instant action. The Plaintiff simply defers to the Firm's unyielding positions as it is the Firm that has trained, Bar Certified Lawyers, who render professional representation to Plaintiff. For what reason would the Plaintiff not defer to the Firm's final position? The Plaintiff has never entertained the thought that the Firm's positions amount to malpractice. And the Firm's speculative assertions concerning the Plaintiff in this regard are specious.

8. The Firm's admissions that their lawyers have worked diligently to advance the Plaintiff's cause is more properly put into perspective as the Firm has

3

directed a team of Bar Certified Lawyers and legal minds in over (1,000) one thousand hours of legal representation. And it should be noted that the Firm's time has been spent preparing the instant cause consistent with the Firm's own views as to how best to prosecute the instant action, and certainly (as asserted by the Firm), not the Plaintiff's.

9.  The Firm's assertions that Plaintiff is a skilled *pro se* litigant does not remove the fact that it has been the Firm who has been preparing the instant action for the last two years and not the Plaintiff. Discovery and depositions were obtained consistent with the Firm's views of prosecuting the action and would be inadequate if not consistent with Plaintiff's views of how to prosecute. Further, the Firm's legal strategies have relied (in major part) on their resources to obtain experts, conduct further depositions, and subpoena witnesses for trial, as well as present the totality of their prosecution at the trial of this action. Plaintiff would be at a total loss to proceed where the Firm requests to take off.

10.  The Firm's assertion that "*it has been their practice during their entire representation of Plaintiff to send him each and every document filed with the Court*," is inaccurate. Not only has the Firm never provided Plaintiff with Magistrate Judge Kornblum's order denying their motion to withdraw, but the Plaintiff has written a number of letters to the Firm requesting copies of filings he never received. In addition, Plaintiff has submitted a number of written requests to

the Firm to produce all discovery documents, which the Firm refused to produce unless Plaintiff prepaid for the documents. And while the Firm has informed Plaintiff of a number of consultation the Firm has had with experts, the Firm has not disclosed all the details of such consultations.

11. The Firm also attempts to minimize the enormity of the present cause by asserting, *"the elimination of the Jewish Dietary Accommodations Program ("AJAP") and this Court's dismissal of a number of Mr. Lawson's claims has reduced the number of relevant documents and witnesses…."* But the firm, at paragraph 6 – pg. 3 of 5 in document 134 filed on 6/29/07, properly puts forth the enormity of the instant action as:

> *"…, in addition to Plaintiff's claim for denial of Kosher meals,…the following additional claims remain pending before the Court: (1) exemption from the DOC grooming code during counting of (Shiva and Shlosim) and Onen; (2) observance of Shacharis, Mincha, Maariv, and Houdalah; (3) certain claims with respect to observance of Sabbath; (4) observance of Rosh Hashannah, Yom Kippur, Simchat, Torah, and Shemini Azterat; (5) use of a Sukkah booth during Sukkof; (6) observation of Jewish services in a non-denominational room; and (7) consistent and timely consultation with an Orthodox rabbi."*

12. It was initially the Firm who contacted the Plaintiff to offer *pro bono* legal representation, not the Plaintiff who contacted the Firm. At that time, Plaintiff had spent more then a year seeking the agreements of financial assistance for costs that would arise in the litigation of the present action. Since the Firm's

representation, Plaintiff has abandoned said agreements of financial assistance for over two years now, making these agreements impossible to secure.

13. The Plaintiff hereby incorporates "Plaintiff's Objections To The Firm's Motion To Withdraw As Counsel Of Record."

14. In short, what the Firm has accomplished, reviewed, and prepared in the last two years and over (1,000) one thousand hours, would set Plaintiff back a number of years before being prepared for trial. Plaintiff is presently suffering irreparable harm by being denied the ability to practice Orthodox Judaism. Certainly, Plaintiff would suffer material adverse effects if the Firm was allowed to withdraw.

WHEREFORE, the Plaintiff prays this Honorable Court will DENY the Firm's objections and thus their Motion To Withdraw. Or in the alternative, conduct a hearing on the matter affording the Plaintiff the ability to be present telephonically and be heard on the issues.

By: *Ross Jay Lawson*
Ross Jay Lawson, Plaintiff, *pro se*
DC # 726599
Mayo Correctional Institution
8784 U.S. Hwy 27 West
Mayo, Florida  32066

## UNNOTARIZED OATH

I hereby declare under penalty of perjury, that the foregoing response and the facts stated herein are true and correct.

By: *Ross Jay Lawson*
Ross Jay Lawson, Plaintiff, *pro se*
DC # 726599
Mayo Correctional Institution
8784 U.S. Hwy 27 West
Mayo, Florida 32066

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that true and correct copies of the foregoing were hand delivered to Mayo Correctional Institution officials to forward by first class U.S. mail, prepaid postage, to: McDermott Will & Emery, LLP, 201 S. Biscayne Blvd., Suite 2200, Miami, Florida 33131; and Caryl Kilinski – Office of the Attorney General, PL-01, The Capitol, Tallahassee, Florida 32399-1050, on this 20th day of December, 2007.

*Ross Jay Lawson*
Ross Jay Lawson, Plaintiff, *pro se*
FDOC # 726599
Mayo Correctional Institution
8784 U.S. Hwy 27 West
Mayo, Florida 32066

7

Ross Jay Lawson/B-726599
Mayo Correctional Institution
8784 U.S. Hwy 27 West
Mayo, FL. 32066

c/o Clerk Of The Court
U.S. District Court Northern District Of Florida
(Tallahassee Division)
111 N. Adams St.
Tallahassee, FL. 32301-7730

32301+7730






