**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**ROSS JAY LAWSON,**

        **Plaintiff,**

**vs.**                                            **CASE NO. 4:04CV105-MP/AK**

**FLORIDA DEPARTMENT,
et al,**

        **Defendants.**

_____/


## THIRD REPORT AND RECOMMENDATION

Defendants have filed an Emergency Motion for Sanctions and Evidentiary Hearing seeking dismissal of this case on grounds that it is frivolous. (Doc. 192). Plaintiff has not responded. It is the opinion of the undersigned that no evidentiary hearing is necessary and that this cause should be dismissed as frivolous and Plaintiff should be referred to the DOC for disciplinary action.

**I.      History**

This matter was filed on April 8, 2004, over five years ago, alleging that Plaintiff's sincerely held religious practices and beliefs were being unconstitutionally infringed upon in violation of the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc-1, and the Florida Religious Freedom Restoration Act (RFRA), Fla. Stat. §761.01. The fact that Plaintiff's claims may have been unfounded was brought to the court's attention in response to his Emergency

Motion for Preliminary Injunction (doc. 52).  (See Docs. 53 and 55).  At that time, proof

of numerous canteen purchases were provided by the Defendants that showed Plaintiff

was purchasing non-kosher foods.  The issue arises yet again, with proof not only of

hundreds of non-kosher foods being bought, but eye witness accounts that they have

been consumed as well, and additional information from Chaplain David Kyle Giddens

that Plaintiff **never** attends Jewish morning prayer services and has declined a proffered

work release for the Sabbath.  Discovery has been protracted in this matter, previous

counsel sought leave to withdraw from this case earlier requiring a hearing, several

dispositive motions have been filed, and the matter is now nearly ready for trial and

throughout these proceedings Plaintiff's entire case has rested on his persistent and

insistent claim that he is an Orthodox Jew who cannot practice his faith within the

Florida Department of Corrections.

## II.    Analysis

In order to show a free exercise violation in the prison context, Plaintiff must

allege facts and circumstances demonstrating that prison officials have employed a

policy or regulation, not reasonably related to any legitimate penological interest or

security measure, which burdens Plaintiff's practice of his religion or prevents him from

engaging in conduct or having a religious experience which the faith mandates.  This

interference must be more than an inconvenience; the burden must be substantial and

and interfere significantly with Plaintiff's practice of his religious beliefs.  O'Lone v.

Estate of Shabazz, 482 U.S. 340, 349, 107 S. Ct. 2400, 2404, 96 L. Ed. 2d 282 (1987).

This showing applies to Plaintiff's RLUIPA and state law claim, as well   42 U.S.C.

**No. 4:04cv105-MP/AK**

§2000cc-1, *et seq.* There can be no burden on a practice that Plaintiff does not engage in of his own free will. Only personal practices that are both sincerely held and rooted in religious belief fall under the protections of the Free Exercise Clause or RLUIPA. Wisconsin v. Yoder, 406 U.S. 205, 215-16, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); Cutter v. Wilkinson, 544 U.S. 709, 725 n. 13, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005) (noting that under RLUIPA, prison officials may appropriately question whether a prisoner's religiosity, asserted as the basis for a requested accommodation, is authentic and whether his professed religiosity is sincere). Evidence of nonobservance is relevant on the question of sincerity, but is not conclusive of insincerity. Reed v. Faulker, 842 F.2d 960, 963 (7th Cir.1988) (recognizing that an inmate may adopt a religion merely to harass the prison staff with demands to accommodate his new faith). Nevertheless, sincerity of belief is the critical, threshold aspect of the inquiry the court must make in such a case as this. See Day v. Mathal, 2008 WL 907378 (E. D. Mich.) (prisoner who ate non-kosher snacks after placement on kosher diet cannot claim religious violation); Russell v. Wilkinson, 79 Fed. Appx. 175 (6th Cir. 2003) (same). See also Blount v. Ray, 2009 WL 2151331 (W.D. Va. 2009) (same).

## III.    Sanctions

Because Plaintiff has pursued this lawsuit despite his lack of sincere beliefs in the faith he has contended is being burdened, the undersigned finds that he has misrepresented facts to this Court and pursued a frivolous, malicious claim, which is sanctionable. The Court may impose sanctions upon a party who knowingly files a pleading containing false allegations, which includes dismissal. See Rule 11(c), Federal

**No. 4:04cv105-MP/AK**

Rules of Civil Procedure, and <u>Hood v. Tompkins</u>, 197 Fed Appx. 818, 819 (11th Cir.

2006).

In addition, Florida Statute §944.279(1) provides for the following sanctions when

a prisoner is found to have brought a malicious suit involving false information:

> At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, which is filed after June 30, 1996, or to have brought a frivolous or malicious collateral criminal proceeding, which is filed after September 30, 2004, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.

Rather than award monetary sanctions under Rule 11, which would not likely be

collected from this Plaintiff, the undersigned suggests that the lawsuit be dismissed and

be deemed a "strike" under 28 U.S.C. §1915(g). <u>See</u> <u>Lawson v. Luke</u>, 2009 WL 102531

(N.D. Fla. 2009) (defendant not likely to collect monetary sanctions from prisoner,

dismissal is appropriate sanction for making false allegations in complaint). It is further

recommended that the Court send a certified copy of the order adopting these

recommendations to the DOC with additional recommendations that the DOC impose

whatever disciplinary sanctions it deems appropriate under section 944.279. <u>See</u> <u>Hall</u>

<u>v. State</u>, 752 So.2d 575 (Fla. 2000)(statute does not grant court authority to direct the

DOC to impose any particular type of sanction).

**No. 4:04cv105-MP/AK**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants'

Emergency Motion for Sanctions (doc. 192) be **GRANTED** without evidentiary hearing,

and that this cause be **DISMISSED** as frivolous and malicious.  It is further

recommended that this constitute a strike within the meaning of 28 U.S.C. §1915(g) and

that the order adopting these recommendations include findings that can be certified to

the Florida Department of Corrections for appropriate disciplinary sanctions.

**IN CHAMBERS** at Gainesville, Florida, this _3rd_ day of November, 2009.


_s/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:04cv105-MP/AK**