IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROSS J LAWSON,

    Plaintiff,

v.                                                  CASE NO. 4:04-cv-00105-MP-AK

Aleph Institute, Inc., JAMES V CROSBY, JR, DEPARTMENT OF CORRECTIONS, JAMES MCDONOUGH,

    Defendants.

_____/

# **O R D E R**

This matter is before the Court on Doc. 196, Third Report and Recommendation regarding the Motion for Sanctions and Evidentiary Hearing filed by Department of Corrections, Doc. 192. The Magistrate has recommended that Defendant's Emergency Motion for Sanctions be granted and that this case be dismissed. Plaintiff timely objected, Docs. 198, 200. Plaintiff has also requested this Court strike the Emergency Motion for Sanctions, 192, or in the alternative allow him an extension of time to file a response. Doc. 199. This Court reviews all objected-to analysis *de novo*.

Sworn testimony that Plaintiff has purchased and eaten non-Kosher foods such as cheeseburgers undermines his claim of sincere Jewish Orthodoxy. Sworn testimony from Chaplain David Kyle Giddens that Plaintiff has refused proscriptions allowing him to avoid work on the Sabbath on the grounds that they would "mess up his Lawsuit" (Doc. 192, Attachment 9) also undermine that claim, which is based in part on his contention that the prison will not allow him any such work proscriptions. In this, Plaintiff is incorrect; it is not his acceptance of Chaplain Giddens' work proscription that messes up his lawsuit, but rather the fact

that the Chaplain offered it in the first place.

that the Chaplain offered it in the first place.  The Plaintiff's response to this evidence is to claim that every witness against him is perjuring themselves, that it lacks corroboration (that Plaintiff mistakenly believes it requires), and that their testimony must be excluded for alleged discovery violations.  This Court finds the testimony against Mr. Lawson to be credible, and declines to exclude it.  Though there have been some delays in the revelation of some of this evidence, this Court finds that the delays were not intended to prejudice any party, and that indeed no party has been prejudiced by the delay.  This Court further finds Mr. Lawson's objections and allegations to be energetic, but insincere.

This matter was originally filed over five years ago, alleging various unconstitutional infringements of Plaintiff's allegedly sincere religious beliefs.  Plaintiff claims to be an Orthodox Jew, who must keep Kosher as well as refraining from working on the Sabbath.  Nevertheless, he never attends morning Jewish prayer services, has declined a proffered work release, and eats non-Kosher foods.   Only personal practices that are both sincerely held and rooted in religious belief fall under the protections of the Free Exercise Clause or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Wisconsin v. Yoder, 406 U.S. 205, 215-16 (1972); Cutter v. Wilkinson, 544 U.S. 709, 725 n. 13 (2005) (noting that under RLUPIA, prison officials may question whether a prisoner's asserted religiosity is sincere), so because of Mr. Lawson's religious insincerity, his claim must fail.  That finding does not entirely dispose of this case, however.

Because Mr. Lawson has pursued this lawsuit for these five years despite his lack of sincere beliefs, he is liable for sanctions, both for the misrepresentations he has made to this Court, and his pursuit of this frivolous and malicious claim.  This Court may impose sanctions upon a party who knowingly files a pleading containing false allegations, which includes

dismissal. Rule 11(c), Federal Rules of Civil Procedure. Florida Statute §944.279(1) also provides for sanctions when a prisoner is found to have brought a malicious suit involving false information.

After thorough *de novo* review, this Court finds that Mr. Lawson filed a frivolous lawsuit that contained significant misrepresentations, and has continued to pursue it maliciously for these past five years. As both dismissal and sanctions are available on the Court's own motion, Plaintiff's motion to strike the request for sanctions is without legal merit. As discussed above, Plaintiff's motion to exclude all evidence attached to the Emergency Motion for Sanctions is unpersuasive. Due to the clarity of the facts in this case and the need to avoid further delay in adjudication, Plaintiff's request for an extension of time to file further briefs or motions is also unpersuasive. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Motion to Strike or in the alternative Motion For Extension of Time, Doc. 199, is DENIED.

2. The Report and Recommendation of the Magistrate Judge, Doc. 196, is ADOPTED and incorporated herein.

3. This case is DISMISSED WITH PREJUDICE, and deemed a "strike" against Mr. Lawson under 28 U.S.C.A. § 1915(g).

4. The Clerk is directed to send a certified copy of both this order and the Magistrate's Report and Recommendation, Doc. 196, to the Department of Corrections, with the recommendation that the DOC impose whatever disciplinary sanctions it deems appropriate under Florida Statute §944.279.

**DONE AND ORDERED** this   *2nd* day of December, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge