IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROSS J LAWSON,

    Plaintiff,

v.                                          CASE NO. 4:04-cv-00105-MP-GRJ

DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

_____/

## **O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated September 30, 2015. (Doc. 346). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Defendants filed objections at Doc. 347. Plaintiff was granted three motions to extend time to file objections, but did not file objections with this Court. I have made a de novo review based on Defendants' objections.

Having considered the Report and Recommendation, and the Defendants' timely filed objections, I have determined that the Report and Recommendation should be adopted. Having said that, I will point to something stated in Defendants' objections. In the Report and Recommendation, the Magistrate Judge determined that Defendants are collaterally estopped from relitigating the issue of whether the Florida Department of Corrections ("FDOC") failure to provide Kosher meals to inmates violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), even though the case of *United States v. Sec'y, Florida Dep't of Corr.,* No. 12-22958-CIV, 2015 WL 1977795 (S.D. Fla. Apr. 30, 2015), is on appeal. Defendants do not appear to disagree, but raise the issue that these cases are distinct in that Plaintiff's specific claim

is different.

Defendants note that the injunction issued in *U.S. v. Secretary* requires FDOC to provide sincere inmates with a Kosher diet under RLUIPA; as a result, Plaintiff is currently on that diet program. However, Plaintiff has indicated that he seeks a different diet than the one ordered by the injunction from the Southern District as that diet is not Kosher enough to meet his specific religious needs. (Doc. 285 at 15). Construing the Magistrate Judge's recommendation as requiring FDOC to provide a Kosher meal in compliance with *U.S. v. Secretary*, I find that Plaintiff's emergency motion for preliminary injunction, Doc. 285, is granted. However, Plaintiff is not entitled to receive anything beyond what was ordered in the Southern District's injunction. If Plaintiff wanted a more specialized diet, he was free to raise objections to the Report and Recommendation. His failure to do so waives any objections.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 346, is adopted and incorporated by reference in this order.

2. Plaintiff's Emergency Motion for Preliminary Injunction, Doc. 291, is DENIED and Plaintiff's claims relating to Shacharis, Mincha, Rosh Hashana, Yom Kippur, Shemini Atzeret, and Simchat Torah should be DISMISSED without prejudice for failing to exhaust administrative remedies before filing suit.

3. Plaintiff's Emergency Motion for Preliminary Injunction, Doc. 285, is GRANTED. This order enjoins Defendants requiring the Florida Department of Corrections to provide Plaintiff with a Kosher diet, consistent with the ruling in the Southern District of Florida case *United States v. Sec'y, Florida Dep't of Corr.*, No. 12-22958-CIV, 2015 WL 1977795 (S.D. Fla. Apr. 30, 2015).

**DONE AND ORDERED** this *22nd* day of January, 2016

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge